# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHASE WILLIAMS AND WILLIAM ZHANG, individually and on behalf of all others similarly situated, | |
| Plaintiffs, | Civ. No. 1:20-cv-2809-LAK |
| v. | <u>CLASS ACTION</u> |
| BLOCK.ONE, BRENDAN BLUMER, and DANIEL LARIMER, | |
| Defendants. | |
| CRYPTO ASSETS OPPORTUNITY FUND LLC and JOHNNY HONG, Individually and on Behalf of All Others Similarly Situated, | |
| Plaintiffs, | Civ. No.: 1:20-cv-3829-LAK |
| v. | <u>CLASS ACTION</u> |
| BLOCK.ONE, BRENDAN BLUMER, DANIEL LARIMER, IAN GRIGG, and BROCK PIERCE, | |
| Defendants. | |

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 6-23-21

## ~~[PROPOSED]~~ ORDER PROVIDING FOR NOTICE AND CERTIFYING CLASS

### ~~EXHIBIT A~~

WHEREAS, two actions are pending before this Court styled *Chase Williams and William Zhang v. Block.one, et al.*, Civil Action No. 1:20-cv-2809-LAK and *Crypto Assets Opportunity Fund and Johnny Hong v. Block.one, et al.*, Civil Action No. 1:20-cv-3829-LAK (the "Consolidated Actions");

WHEREAS, the Settling Parties have applied, pursuant to Federal Rule of Civil Procedure 23(e), for an order providing notice to the Settlement Class, in accordance with a Stipulation of Settlement dated June 11, 2021 (the "Settlement Agreement"), which, together with the Exhibits annexed thereto, sets forth the terms and conditions for a proposed Settlement of the Action between the Settling Parties and for dismissal of the Action against the Defendants and any of the Released Parties with prejudice upon the terms and conditions set forth therein; and the Court having read and considered the Settlement Agreement and the Exhibits annexed thereto;

WHEREAS, unless otherwise defined, all defined terms used herein have the same meanings as set forth in the Settlement Agreement.

NOW, THEREFORE, IT IS HEREBY ORDERED:

1.     The Court finds that the Settlement has resulted from arms-length bargaining between the parties and as such may be submitted to the Settlement Class for consideration pursuant to Rule 23(e)(1)(B)(i) of the Federal Rules of Civil Procedure.

2.     A hearing (the "Settlement Hearing") shall be held before this Court on Nov. 17, 2021 at 9:30 .m. ), at the United States District Court for the Southern District of New York, 500 Pearl Street, New York, NY 10007, Room 21B, to determine whether the proposed Settlement of the Action on the terms and conditions provided for in the Settlement Agreement is fair, reasonable, and adequate to the Settlement Class and should be approved by the Court; to determine whether, for purposes of the proposed Settlement only, the Action should be

certified as a class action on behalf of the Settlement Class, Lead Plaintiff should be certified as Class Representative for the Settlement Class, and Lead Counsel should be appointed as Class Counsel for the Settlement Class; to determine whether a Judgment as provided in ¶ 1.15 of the Settlement Agreement should be entered; to determine whether the proposed Plan of Allocation should be approved; to determine any amount of attorneys' fees and expenses that should be awarded to Lead Counsel for their service to the Settlement Class; to hear any objections by Settlement Class Members to the Settlement Agreement or Plan of Allocation or any award of attorneys' fees and expenses to Lead Counsel and any award to the Lead Plaintiff pursuant to 15 U.S.C. §77z-1(a)(4) and/or 15 U.S.C. §78u-4(a)(4); and to consider such other matters as the Court may deem appropriate.

3.      The Court may adjourn the Settlement Hearing or decide to hold the Settlement Hearing telephonically without further notice to the Settlement Class, provided that the time or the date of the Settlement Hearing shall not be set at a time or date earlier than the time and date set forth in ¶ 2 above.  The Court may approve the proposed Settlement with such modifications as the Settling Parties may agree to, if appropriate, without further notice to the Settlement Class.

4.      Pursuant to the Settlement Agreement, the Settling Parties have proposed certification of the following Settlement Class pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure:  all persons or entities who, directly or through an intermediary, purchased or otherwise acquired ERC-20 Tokens and/or EOS Tokens at any time during the period of June 26, 2017 through May 18, 2020, inclusive.

5.      Excluded from the Settlement Class are:  (i) Defendants; (ii) the present or former executive officers or members of the Board of Directors of Block.one; (iii) the immediate family members (as defined in 17 C.F.R. §229.404 (Instructions (1)(a)(iii) and (1)(b)(ii)), substituting

"Block.one" for "the registrant") of any excluded person; (iv) any entity in which any Defendant has, or had during the Class Period, a controlling interest; and (v) any affiliate of Block.one. Also excluded from the Settlement Class are any persons and entities who exclude themselves by submitting a request for exclusion that is accepted by the Court.

6.     The Court finds, pursuant to Rule 23(e)(1)(B)(ii) of the Federal Rules of Civil Procedure, that it will likely be able to certify the Settlement Class for purposes of the proposed Settlement. Specifically, the Court finds that each element required for certification of the Settlement Class pursuant to Rule 23 of the Federal Rules of Civil Procedure has been met or will likely be met: (a) the members of the Settlement Class are so numerous that their joinder in the Action would be impracticable; (b) there are questions of law and fact common to the Settlement Class that predominate over any individual questions; (c) the claims of Lead Plaintiff in the Action are typical of the claims of the Settlement Class; (d) Lead Plaintiff and Lead Counsel have and will fairly and adequately represent and protect the interests of the Settlement Class; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the Action.

7.     The Court also finds, pursuant to Rule 23(e)(1)(B)(ii) of the Federal Rules of Civil Procedure, that it will likely be able to certify Lead Plaintiff as Class Representative for the Settlement Class and appoint Lead Counsel as Class Counsel for the Settlement Class, pursuant to Rule 23(g) of the Federal Rules of Civil Procedure.

8.     The Court approves the form, substance, and requirements of the Notice of Pendency and Proposed Settlement of Class Action ("Notice) and Proof of Claim and Release, substantially in the forms annexed hereto as Exhibits A-1 and A-2, respectively.

9.     The Court approves the Summary Notice, substantially in the form annexed hereto as Exhibit A-3.

10.     The Court appoints the firm Epiq Global ("Claims Administrator") to supervise and administer the notice procedure as well as the processing of claims as more fully set forth below.

a.  Not later than _July 7_, 2021 (the "Notice Date") (a date fourteen (14) calendar days after the Court signs and enters this Order), the Claims Administrator shall commence mailing of the Notice and Proof of Claim and Release, substantially in the forms annexed as Exhibits 1 and 2 hereto, by electronic mail or First-Class Mail to all Settlement Class Members who can be identified with reasonable effort and shall also cause the Notice and Proof of Claim and Release to be posted on the Settlement website at www.blockone-settlement.com;

b.  Not later than _July 16_, 2021 ~~(a date ten (10) calendar days after the Notice Date)~~, the Claims Administrator shall cause the Summary Notice to be published using selective targeting on the following platforms for a duration of 31 days: (i) Google Display Network; (ii) Blockonomi (https://blockonomi.com); (iii) Facebook; (iv) Reddit; (v) Twitter; (vi) Telegram; and further that the Claims Administrator shall use selective site and app targeting via display networks to cause the Summary Notice to be published on the following websites: (i) coindesk.com; (ii) stocktwits.com; (iii) theblockcrypto.com; (iv) cointelegraph.com; (v) beermoney.com; (vi) todayonchain.com; (vii) newsbtc.com; (viii) investinblockchain.com; and (ix) coinspeaker.com.

c.  Not later than _Oct. 13_, 2021 ~~(a date seven (7) calendar days prior to the Settlement Hearing)~~, Lead Counsel shall serve on Defendants' counsel and

file with the Court proof, by affidavit or declaration, of such mailing and posting.

11. All fees, costs, and expenses incurred in identifying and notifying members of the Settlement Class shall be paid from the Settlement Fund and in no event shall any of the Released Parties bear any responsibility for such fees, costs, or expenses.

12. All members of the Settlement Class (except Persons who request exclusion pursuant to ¶15 below) shall be bound by all determinations and judgments in the Action concerning the Settlement, including, but not limited to, the releases provided for therein, whether favorable or unfavorable to the Settlement Class, regardless of whether such Persons seek or obtain by any means, including, without limitation, by submitting a Proof of Claim and Release form or any similar document, any distribution from the Settlement Fund or the Net Settlement Fund.

13. Settlement Class Members who wish to participate in the Settlement shall complete and submit the Proof of Claim and Release form in accordance with the instructions contained therein. Each Proof of Claim and Release submitted must be signed under penalty of perjury and supported by such documents as are specified in the Proof of Claim and Release. Unless the Court orders otherwise, all Proofs of Claim and Release must be postmarked or submitted electronically no later than _____Nov . 8_____, 2021 (a date 120 calendar days from the Notice Date). Any Settlement Class Member who does not submit a Proof of Claim and Release within the time provided shall be barred from sharing in the distribution of the proceeds of the Net Settlement Fund, unless otherwise ordered by the Court, but shall nevertheless be bound by any final judgment entered by the Court. Notwithstanding the foregoing, Lead Counsel shall have the discretion (but not the obligation) to accept late-submitted Claims for processing by the Claims Administrator so

long as distribution of the Net Settlement Fund is not materially delayed thereby, but will incur no liability for exercising or refusing to exercise such discretion.

14.    Any member of the Settlement Class may enter an appearance in the Action, at his, her, or its own expense, individually or through counsel of the Settlement Class Member's own choice.  If a Settlement Class Member does not enter an appearance, he, she, or it will be represented by Lead Counsel.

15.    Any Person falling within the definition of the Settlement Class may, upon request, be excluded or "opt out" from the Settlement Class.  Any such Person must submit to the Claims Administrator a request for exclusion ("Request for Exclusion"), postmarked no later than _Oct. 27_____, 2021 ~~(a date twenty-one (21) calendar days before the Settlement Hearing).~~ A Request for Exclusion must be signed and state (a) the name, address, and telephone number of the Person requesting exclusion; (b) the Person's purchases, acquisitions and sales of EOS Tokens and/or ERC-20 Tokens between the dates of June 26, 2017 and May 18, 2020, inclusive, including the dates and the amount of EOS Tokens and/or ERC-20 Tokens purchased, acquired, or sold, and price paid or received for each such purchase, acquisition, or sale; and (c) that the Person wishes to be excluded from the Settlement Class in *Chase Williams and William Zhang v. Block.one, et al.*, Civil Action No. 1:20-cv-2809-LAK and *Crypto Assets Opportunity Fund and Johnny Hong v. Block.one, et al.*, Civil Action No. 1:20-cv-3829-LAK.  All Persons who submit valid and timely Requests for Exclusion in the manner set forth in this paragraph shall have no rights under the Settlement Agreement, shall not share in the distribution of the Net Settlement Fund, and shall not be bound by the Settlement Agreement or any Final Judgment.  Any member of the Settlement Class who or that does not timely and validly request exclusion from the Settlement Class in accordance with the provisions of this Notice Order and the Notice given pursuant hereto (a) shall

6

be deemed to have waived his, her or its right to be excluded from the Settlement Class; (b) shall be forever barred from requesting exclusion from the Settlement Class in this or any other proceeding; (c) shall be bound by the provisions of the Settlement Agreement, the Settlement, and all proceedings, determinations, orders, and judgments in the Action relating to the Settlement, including, but not limited to, the Judgment, and the Releases provided for therein whether favorable or unfavorable to the Settlement Class; and (d) shall be barred and enjoined from asserting, instituting, commencing, prosecuting, assisting, or maintaining any of the Settlement Class's Released Claims against the Released Defendant Parties.

16.     Lead Counsel shall cause to be provided to Defendants' counsel copies of all Requests for Exclusion, and any written revocation of Requests for Exclusion, within the later of two (2) business days of Lead Counsel's receipt or seven (7) calendar days prior to the Settlement Hearing.

17.     Any Settlement Class Member who or which does not timely and validly request exclusion from the Settlement Class in the manner stated in this Order: (a) shall be deemed to have waived his, her or its right to be excluded from the Settlement Class; (b) shall be forever barred from requesting exclusion from the Settlement Class in this or any other proceeding; (c) shall be bound by the provisions of the Settlement Agreement and Settlement and all proceedings, determinations, orders and judgments in the Action, including, but not limited to, any judgment and the Releases provided for therein, whether favorable or unfavorable to the Settlement Class; and (d) will be barred from commencing, instituting, prosecuting or continuing to prosecute any of the Released Claims (including Unknown Claims) against any of the Released Defendants, their Related Parties, and their respective counsel as more fully described in the Settlement Agreement and Notice.

18.    Any member of the Settlement Class may appear and object if he, she, or it believes there is any reason why the proposed Settlement of the Action should not be approved as fair, reasonable and adequate; why a judgment should not be entered thereon; why the Plan of Allocation should not be approved; why attorneys' fees and expenses should not be awarded to Lead Counsel for its service to the Settlement Class or why costs and expenses should not be awarded to Lead Plaintiff.  No Settlement Class Member or any other Person shall be heard or entitled to contest the approval of the terms and conditions of the proposed Settlement, or, if approved, the Judgment to be entered thereon approving the same, or the order approving the Plan of Allocation, or any attorneys' fees and expenses to be awarded to Lead Counsel, unless written objections and copies of any papers and briefs are received by Daniel L. Berger, Grant & Eisenhofer P.A., 485 Lexington Avenue, 29th Floor, New York, NY 10017 and Neal Potischman, Davis Polk & Wardwell LLP, 1600 El Camino Real, Menlo Park, CA 94025, on or before _Oct. 27_, 2021 ~~(a date twenty-one (21) calendar days before the Settlement Hearing),~~ and said objections, papers, and briefs are filed with the Clerk of the United States District Court for the Southern District of New York, on or before _Oct. 27_, 2021 ~~(a date twenty-one (21) calendar days before the Settlement Hearing).~~ The objection must: (a) state the name, address, and telephone number of the person or entity objecting and must be signed by the objector; (b) state whether the objector is represented by counsel and, if so, the name, address, and telephone number of the objector's counsel; (c) contain a statement of the Settlement Class Member's objection or objections, and the specific reasons for each objection, including any legal and evidentiary support the Settlement Class Member wishes to bring to the Court's attention; and (d) include documents sufficient to prove membership in the Settlement Class, consisting of documents showing the number of EOS Tokens and/or ERC-20 Tokens that the objector purchased/acquired and/or sold

during the Settlement Class Period (*i.e.*, between June 26, 2017 and May 18, 2020, inclusive), as well as the dates, number of tokens and prices for each such purchase/acquisition and sale; and (e) identify cases in which the objector or its counsel has filed an objection to a settlement in the past five years. Documentation establishing membership in the Settlement Class must consist of copies of confirmation slips or monthly account statements, or an authorized statement from the cryptocurrency exchange on which the objector transacted containing the transactional and holding information found in a confirmation slip or account statement. Objectors who enter an appearance and desire to present evidence at the Settlement Hearing in support of their objection must include in their written objection or notice of appearance the identity of any witnesses they may call to testify and any exhibits they intend to introduce into evidence at the hearing.

19.     The objection must state whether it applies only to the objector, to a specific subset of the Settlement Class, or to the entire Settlement Class, and also state with specificity the grounds for the objection. Any member of the Class who does not make his, her, or its objection in the manner provided shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness, reasonableness, or adequacy of the proposed Settlement as incorporated in the Settlement Agreement, to the Plan of Allocation, and to the award of attorneys' fees and expenses to Lead Counsel and to any award of costs and expenses to Lead Plaintiff, unless otherwise ordered by the Court.

20.     All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the Settlement Agreement and/or further order(s) of the Court or, in the event that the Settlement is not approved or is terminated, canceled, or fails to become effective, pursuant to ¶ 7.4 of the Settlement Agreement.

21.     All papers in support of the Settlement, Plan of Allocation, and any application by Lead Counsel for attorneys' fees and expenses and for costs and expenses for Lead Plaintiff, shall be filed and served no later than *Oct. 17*, 2021 ~~(a date thirty (30) calendar days prior to the Settlement Hearing)~~, and any reply papers shall be filed and served no later than *Oct. 31*, 2021 ~~(a date five (5) calendar days before the Settlement Hearing).~~

22.     The Released Defendant Parties shall have no responsibility or liability with respect to the Plan of Allocation or any application for attorneys' fees or expenses submitted by Lead Counsel, and such matters will be considered separately from the fairness, reasonableness, and adequacy of the Settlement.

23.     At or after the Settlement Hearing, the Court shall determine whether the Plan of Allocation proposed by Lead Counsel, and any application for attorneys' fees and expenses and for the costs and expenses of Lead Plaintiff, should be approved.

24.     All Notice and Administration costs shall be paid, as set forth in the Settlement Agreement. In the event the Court does not approve the Settlement, or it otherwise fails to become effective, neither Lead Plaintiff nor any of their counsel shall have any obligation to repay any amounts actually and properly incurred or disbursed, pursuant to ¶¶2.11 of the Settlement Agreement.

25.     The Escrow Agent is authorized and directed to prepare any tax returns and any other tax reporting form for or in respect to the Settlement Fund, and to otherwise perform all obligations with respect to Taxes and any reporting or filings or payment in respect thereof without further order of the Court in a manner consistent with the provisions of the Settlement Agreement.

26.     Neither the Settlement Agreement, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be construed as an admission or concession

by any of the Released Parties of the truth of any of the allegations in the Action, or of any liability, fault, or wrongdoing of any kind.

27.     All proceedings in the Action are stayed until further order of this Court, except as may be necessary to implement the Settlement or comply with the terms of the Settlement Agreement.  Pending final determination of whether the Settlement should be approved, neither the Lead Plaintiff nor any Settlement Class Member, either directly, representatively, or in any other capacity shall commence or prosecute against any of the Released Defendant Parties any action or proceeding in any court or tribunal asserting any of the Released Claims.

28.     In the event that the Settlement is not approved by the Court or the Settlement Agreement is terminated or fails to become effective in accordance with its terms, the Settling Parties shall be restored to their respective positions in the Action as of May 9, 2021.  In such event, the terms and provisions of the Settlement Agreement, shall be null and void, have no further force and effect, and shall not be used in the Action or in any other proceeding for any purpose, and any judgment or order entered by the Court in accordance with the terms of the Settlement Agreement shall be treated as vacated, *nunc pro tunc*, and shall not be used in the Action or in any other proceeding for any purpose.

29.     The Settling Parties intend the Settlement Agreement to be a final and complete resolution of all disputes between them with respect to the Action.  The Settlement shall not be deemed an admission by any Settling Party or any of the Released Parties as to the merits of any claim or defense.  The Settling Parties and their counsel agree that they shall not assert any claims of any violation of Rule 11 of the Federal Rules of Civil Procedure relating to the prosecution, defense or settlement of the Action, and the Final Judgment shall contain a finding that all Settling Parties and their counsel complied with the requirements of Rule 11 with respect to the institution,

prosecution, defense, and resolution of the Action. The Settling Parties agree that the amount paid to the Settlement Fund and the other terms of the Settlement were negotiated in good faith at arm's length by the Settling Parties and reflect a settlement that was reached voluntarily after consultation with competent legal counsel. The Settling Parties further agree that the amount paid to the Settlement Fund were negotiated and agreed without discussion of Lead Counsel's attorney's fees and expenses.

30.     Neither this Order nor the Settlement Agreement (whether or not consummated), including the exhibits thereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), the negotiations leading to the agreement in principle to settle this Action and the execution of the Settlement Agreement, nor any proceedings taken pursuant to or in connection with the Settlement Agreement and/or approval of the Settlement (including any arguments proffered in connection therewith):  (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, the truth of any of the allegations in the Action of any wrongdoing, fault, or liability of Defendants or their Related Parties, or that Lead Plaintiff or any Settlement Class Members have suffered damages, harm or loss; or (b) is or may be deemed to be or may be used as an admission of, or evidence of, the appropriateness of treating the Action as a class action for any other purpose than the settlement; or (c) is or may be deemed to be or may be used as an admission, or evidence of, any fault or omission of any of the Defendants or their Related Parties in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal anywhere in the world; or (d) shall be construed against any of the Released Defendant Parties as an admission, concession, or presumption that the consideration to be given under the Settlement represents that amount which could be or would have been recovered after trial; ***provided, however***, that the

Settling Parties and the Released Parties and their respective counsel may refer to the Settlement Agreement to effectuate the protections from liability granted thereunder or otherwise to enforce the terms of the Settlement Agreement.

31.     The Court retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement.

32. The Clerk shall terminate Dkt. 113.

IT IS SO ORDERED.

DATED:  June 23, 2021

_____
THE HONORABLE LEWIS A. KAPLAN
UNITED STATES DISTRICT JUDGE

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHASE WILLIAMS AND WILLIAM ZHANG, individually and on behalf of all others similarly situated, | |
| Plaintiffs, | Civ. No. 1:20-cv-2809-LAK |
| v. | CLASS ACTION |
| BLOCK.ONE, BRENDAN BLUMER, and DANIEL LARIMER, | |
| Defendants. | |
| CRYPTO ASSETS OPPORTUNITY FUND LLC and JOHNNY HONG, Individually and on Behalf of All Others Similarly Situated, | |
| Plaintiffs, | Civ. No.: 1:20-cv-3829-LAK |
| v. | CLASS ACTION |
| BLOCK.ONE, BRENDAN BLUMER, DANIEL LARIMER, IAN GRIGG, and BROCK PIERCE, | |
| Defendants. | |

## NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF CLASS ACTION

**QUESTIONS?**
**PLEASE CALL (855) 535-1874**
**OR VISIT www.blockone-settlement.com**

1

EXHIBIT A

**TO:**  **ALL PERSONS WHO PURCHASED OR OTHERWISE ACQUIRED ERC-20 TOKENS[1] OR EOS TOKENS BETWEEN JUNE 26, 2017 AND MAY 18, 2020, INCLUSIVE, AND WERE DAMAGED THEREBY**

PLEASE READ THIS NOTICE CAREFULLY AND IN ITS ENTIRETY.  YOUR RIGHTS MAY BE AFFECTED BY PROCEEDINGS IN THIS ACTION.  PLEASE NOTE THAT IF YOU ARE A SETTLEMENT CLASS MEMBER, YOU MAY BE ENTITLED TO SHARE IN THE PROCEEDS OF THE SETTLEMENT DESCRIBED IN THIS NOTICE.  TO CLAIM YOUR SHARE OF THE SETTLEMENT PROCEEDS, YOU MUST SUBMIT A VALID PROOF OF CLAIM AND RELEASE FORM ("PROOF OF CLAIM") **POSTMARKED OR SUBMITTED ONLINE ON OR BEFORE _____, 2021.**

This Notice of Pendency and Proposed Settlement of Class Action ("Notice") has been sent to you pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the Southern District of New York (the "Court").  The purpose of this Notice is to inform you of the pendency of this class action (the "Action") between Lead Plaintiff Crypto Assets Opportunity Fund and Defendants Block.one, Brendan Blumer, Daniel Larimer, Ian Grigg, and Brock Pierce ("Defendants") and the proposed $27,500,000 settlement reached therein (the "Settlement") and of the hearing to be held by the Court to consider the fairness, reasonableness, and adequacy of the Settlement as well as counsel's application for fees and expenses.  This Notice describes what steps you may take in relation to the Settlement and this class action.[2]

This Notice is not intended to be, and should not be construed as, an expression of any opinion by the Court with respect to the truth of the allegations in the Action as to any of the Defendants or the merits of the claims or defenses asserted by or against the Defendants.  This Notice is solely to advise you of the proposed Settlement of the Action and of your rights in connection therewith.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **SUBMIT A PROOF OF CLAIM FORM** | The only way to be eligible to receive a payment from the Settlement.  **Proof of Claim forms must be postmarked or submitted online on or before _____, 2021.** |
| **EXCLUDE YOURSELF** | Get no payment.  This is the only option that *potentially* allows you to ever be part of any other lawsuit against the Defendants about the legal claims being resolved by this Settlement.  Should you elect to exclude yourself from the Class you should understand that Defendants will have the right to assert any and all defenses they may have to any claims that you may seek to assert, including, without limitation, the defense that any such claims are untimely under applicable statutes of limitations and |

---

[1] ERC-20 Tokens are defined throughout this Notice as the tokens that Block.one sold in a token sale that took place from June 26, 2017 to June 1, 2018.

[2] All capitalized terms used in this Notice that are not otherwise defined herein shall have the meanings provided in the Stipulation of Settlement dated June 11, 2021 (the "Settlement Agreement" or "Stipulation"), which is available on the website www.blockone-settlement.com.

**QUESTIONS?**
**PLEASE CALL (855) 535-1874**
**OR VISIT www.blockone-settlement.com**

2

| | statutes of repose.  **Exclusions must be postmarked on or before _____, 2021.** |
|---|---|
| **OBJECT** | Write to the Court about why you do not like the Settlement, the Plan of Allocation, and/or the request for attorneys' fees and expenses.  You will still be a Settlement Class Member.  **Objections must be** *received* **by the Court and counsel on or before _____, 2021. If you submit a written objection, you may (but do not have to) attend the hearing.** |
| **GO TO THE HEARING ON _____, 2021** | Ask to speak in Court about the fairness of the Settlement.  **Requests to speak must be** *received* **by the Court and counsel on or before _____, 2021.** |
| **DO NOTHING** | Receive no payment.  You will, however, still be a Settlement Class Member, which means that you give up your right to ever be part of any other lawsuit against the Defendants about the legal claims being resolved by this Settlement and you will be bound by any judgments or orders entered by the Court in the Action. |

## SUMMARY OF THIS NOTICE

**Statement of Class Recovery**

Pursuant to the Settlement described herein, a $27.5 million Settlement Fund has been established. Based on Lead Plaintiff's estimate of the number of ERC-20 Tokens and/or EOS Tokens eligible to recover under the Settlement, the average distribution per share under the Plan of Allocation is approximately $0.072 per EOS Token or ERC-20 token before deduction of any taxes on the income earned on the Settlement Amount, Notice and Administration Costs, and the attorneys' fees and expenses as determined by the Court.  **Settlement Class Members should note, however, that these are only estimates.** A Settlement Class Member's actual recovery will be a proportion of the Net Settlement Fund determined by that claimant's claims as compared to the total claims of all Settlement Class Members who submit acceptable Proofs of Claim.  An individual Settlement Class Member may receive more or less than this estimated average amount. *See* Plan of Allocation set forth and discussed at pages 15-20 below for more information on the calculation of your claim.

**Statement of Potential Outcome of Case**

The Settling Parties disagree on both liability and damages and do not agree on the amount of damages that would be recoverable even if the Settlement Class prevailed on each claim alleged. Defendants have denied and continue to deny that they violated the federal securities laws, or any laws, and maintain that their conduct was at all times proper and in compliance with all applicable laws.  Defendants deny that they are liable to the Settlement Class and deny that the Settlement Class has suffered any damages.  The issues on which the parties disagree are many, but include: (1) whether Defendants engaged in conduct that would give rise to any liability to the Settlement Class under the federal securities laws, or any other laws; (2) whether Defendants issued or sold

any securities; (3) whether Defendants issued or sold EOS Tokens; (4) whether Defendants have valid defenses to any such claims of liability; (5) the appropriate economic model for determining the amount by which the prices of ERC-20 Tokens and EOS Tokens were allegedly artificially inflated (if at all) during the Class Period; (6) the amount, if any, by which the prices of ERC-20 Tokens and EOS Tokens were allegedly artificially inflated (if at all) during the Class Period; (7) the effect of various market forces on the prices of ERC-20 Tokens and EOS Tokens at various times during the Class Period; (8) the extent to which external factors influenced the prices of ERC-20 Tokens and EOS Tokens at various times during the Class Period; (9) whether the various matters that Lead Plaintiff alleged were materially false or misleading were, in fact, false or misleading; (10) the extent to which the various matters that Lead Plaintiff alleged were materially false or misleading influenced (if at all) the prices of ERC-20 Tokens and EOS Tokens at various times during the Class Period; and (11) the extent to which the various allegedly adverse material facts that Lead Plaintiff alleged were omitted influenced (if at all) the prices of ERC-20 Tokens and EOS Tokens at various times during the Class Period.

**Statement of Attorneys' Fees and Expenses Sought**

Since the Action's inception, Lead Counsel has expended considerable time and effort in the prosecution of this Action on a wholly contingent basis and has advanced the expenses of the Action in the expectation that if they were successful in obtaining a recovery for the Settlement Class, they would be paid from such recovery. Lead Counsel will apply to the Court for an award of attorneys' fees not to exceed 25% of the Settlement Amount plus interest earned on that amount at the same rate as earned by the Settlement Fund. Lead Counsel will also apply for reimbursement of costs and expenses incurred in prosecuting the Action, and in providing Notice of the Settlement to the Settlement Class and administering the Settlement. In addition, Lead Plaintiff may seek payment for its time and expenses incurred in representing the Settlement Class in an amount not to exceed $300,000. If the amounts requested are approved by the Court, the average cost per ERC-20 Token or EOS Token will be approximately $0.019.

**Further Information**

For further information regarding the Action, this Notice, or to review the Stipulation of Settlement, please contact Epiq Systems, Inc. who is the Claims Administrator, toll-free at (855) 535-1874 or visit the website, www.blockone-settlement.com.

You may also contact a representative of counsel for the Settlement Class: Grant & Eisenhofer P.A., 485 Lexington Avenue, New York, NY 10017, 1-646-722-8500, www.gelaw.com.

**Please Do Not Call the Court or Defendants with Questions About the Settlement.**

**Reasons for the Settlement**

Lead Plaintiff's principal reason for entering into the Settlement is that it provides substantial benefits to the Settlement Class now, without further risk or the delays inherent in continued litigation. The cash benefit under the Settlement must be considered against the significant risk

that a smaller recovery – or, indeed, no recovery at all – might be achieved after contested motions, trial, and likely appeals, a process that could last several years into the future. For the Defendants, who have denied and continue to deny all allegations, liability, fault, or wrongdoing whatsoever, the principal reason for entering into the Settlement is to eliminate the uncertainty, risk, costs, and distraction inherent in any litigation, especially in complex cases such as this Action. Defendants have concluded that further conduct of this Action could be protracted, costly, and distracting.

## BASIC INFORMATION

### 1.     Why did I get this Notice package?

This Notice was sent to you pursuant to an Order of a U.S. District Court because you or someone in your family or an account for which you serve as custodian may have purchased or otherwise acquired ERC-20 Tokens or EOS Tokens during the period from June 26, 2017 through and including May 18, 2020 ("Class Period"), including purchases or acquisitions of ERC-20 Tokens in Block.one's (the "Company") Token Sale, which occurred from June 26, 2017 to June 1, 2018.

This Notice explains the class action lawsuit, the Settlement, Settlement Class Members' legal rights in connection with the Settlement, what benefits are available, who is eligible for them, and how to get them.

The Court in charge of the Action is the United States District Court for the Southern District of New York, and the case is known as *Williams v. Block.one, et al.*, Civil Action No. 1:20-cv-2809-LAK. The case has been assigned to the Honorable Lewis A. Kaplan. The entity representing the Settlement Class is Crypto Assets Opportunity Fund ("CAOF"), also called the "Lead Plaintiff," and the companies and individuals it sued are called the Defendants.

### 2.     What is this lawsuit about?

This Action was brought on behalf of all persons and entities who purchased or otherwise acquired ERC-20 Tokens or EOS Tokens between June 26, 2017 and June 4, 2019, including those persons who purchased or otherwise acquired ERC-20 Tokens or EOS Tokens in or traceable to Block.one's June 26, 2017 to June 1, 2018 Token Sale.

The initial complaint was filed on April 3, 2020 in the United States District Court for the Southern District of New York. *Williams, et al. v. Block.one, et al.*, Case No. 1:20-cv-2809. On May 18, 2020, plaintiffs CAOF and Johnny Hong filed a separate complaint against Defendants in the Southern District of New York. *Crypto Assets Opportunity Fund, et al. v. Block.one, et al.*, Case No. 1:20-cv-3829. On August 4, 2020, the Court consolidated the two cases and appointed CAOF as Lead Plaintiff and Grant & Eisenhofer P.A. as lead counsel. On September 18, 2020, Lead Plaintiff filed the First Amended Class Action Complain ("Complaint"), which alleges that Defendants sold unregistered securities in violation of federal securities laws, issued securities pursuant to a false and misleading prospectus, and disseminated materially false and misleading statements regarding ERC-20 Tokens and/or EOS Tokens during the Class Period.

**QUESTIONS?**
**PLEASE CALL (855) 535-1874**
**OR VISIT www.blockone-settlement.com**

From the outset of the Action, Defendants have denied all of these allegations and consistently maintained that they never sold securities that were required to be registered, nor made any statement that was false or misleading.  Defendants believed at the time, and still believe, that at all times ERC-20 Tokens and EOS Tokens were not securities and therefore not subject to registration requirements under the federal securities laws; that Block.one never issued tokens pursuant to a false or misleading prospectus; that Block.one did not create, sell, or issue EOS Tokens; that Block.one's public statements were truthful, accurate, and not misleading, and contained no material misstatements or omissions of fact; and that Lead Plaintiff cannot prove any element of its claims.

On November 2, 2020, the Defendants who had been served or waived service to that point in time filed a motion to dismiss the Complaint.  Lead Plaintiff filed its opposition on December 2, 2020, and the moving defendants filed their reply on January 11, 2021.

On May 9, 2021, Lead Counsel for Plaintiff and Counsel for Defendants informed the Court that a settlement had been reached.

**3.     Why is there a settlement?**

The Court has not decided in favor of Defendants or of Lead Plaintiff.  Instead, both sides agreed to the Settlement to avoid the distraction, costs, and risks of further litigation, and Lead Plaintiff agreed to the Settlement in order to ensure that Settlement Class Members will receive compensation.

## WHO IS IN THE SETTLEMENT

**4.     How do I know if I am a Settlement Class Member?**

The Settlement Class is comprised of all persons or entities who, directly or through an intermediary, purchased or otherwise acquired ERC-20 Tokens and/or EOS Tokens at any time during the period of June 26, 2017 through May 18, 2020, inclusive.

Excluded from the Settlement Class are: (i) Defendants; (ii) the present or former executive officers or members of the Board of Directors of Block.one; (iii) the immediate family members (as defined in 17 C.F.R. §229.404 (Instructions (1)(a)(iii) and (1)(b)(ii)), substituting "Block.one" for "the registrant") of any excluded person; (iv) any entity in which any Defendant has, or had during the Class Period, a controlling interest; and (v) any affiliate of Block.one.  Also excluded from the Settlement Class are any persons and entities who exclude themselves by submitting a request for exclusion that is accepted by the Court.

**Please Note**:  Receipt of this Notice does not mean that you are a Settlement Class Member or that you will be entitled to receive a payment from the Settlement.  If you are a Settlement Class Member and you wish to be eligible to participate in the distribution of proceeds from the Settlement, you are required to submit the Proof of Claim that is being distributed with this Notice and the required supporting documentation as set forth therein postmarked or submitted online on or before _____, 2021.

**QUESTIONS?**
**PLEASE CALL (855) 535-1874**
**OR VISIT www.blockone-settlement.com**

**5.   What if I am still not sure if I am included?**

If you are still not sure whether you are included, you can ask for free help. You can contact the Claims Administrator toll-free at (855) 535-1874, contact Lead Counsel, or you can fill out and return the Proof of Claim form enclosed with this Notice package, to see if you qualify.

**THE SETTLEMENT BENEFITS – WHAT YOU GET**

**6.   What does the Settlement provide?**

The Settlement provides that, in exchange for the release of the Settlement Class's Released Claims (defined below) and dismissal of the Action, Defendants have agreed to pay (or cause to be paid) $27.5 million in cash to be distributed after taxes, tax expenses, notice and claims administration expenses, and additional Court-approved fees and expenses, *pro rata*, to Settlement Class Members who send in a valid Proof of Claim form pursuant to the Court-approved Plan of Allocation. The Plan of Allocation is described in more detail at the end of this Notice.

**7.   How much will my payment be?**

Your share of the Net Settlement Fund will depend on several things, including the total amount of claims represented by the valid Proof of Claim forms that Settlement Class Members send in, compared to the amount of your claim, all as calculated under the Plan of Allocation discussed below.

**HOW YOU GET A PAYMENT – SUBMITTING A CLAIM FORM**

**8.   How can I get a payment?**

To be eligible to receive a payment from the Settlement, you must submit a Proof of Claim form. A Proof of Claim form is enclosed with this Notice or it may be downloaded at www.blockone-settlement.com. Read the instructions carefully, fill out the Proof of Claim, include all the documents the form asks for, sign it, and **mail or submit it online so that it is postmarked or received no later than _____, 2021.** The Proof of Claim form may be submitted online at www.blockone-settlement.com.

**9.   When would I get my payment?**

**The Court will hold a Settlement Hearing on _____, 2021 at _____ .m.,** to decide whether to approve the Settlement. If the Court approves the Settlement, there might be appeals. It is always uncertain whether appeals can be resolved, and if so, how long it would take to resolve them. It also takes time for all the Proofs of Claim to be processed. Please be patient. As of the date of this Notice, the Court has not expressed any view, preliminary or otherwise, as to the fairness, reasonableness or adequacy of the Proposed Settlement. Those matters will be addressed by the Court at the Settlement Hearing.

**QUESTIONS?**
**PLEASE CALL (855) 535-1874**
**OR VISIT www.blockone-settlement.com**

**10.     What am I giving up to get a payment or to stay in the Class?**

Unless you timely and validly exclude yourself, you are staying in the Settlement Class, and that means you and your "Related Parties" (as defined below) cannot sue, continue to sue, or be part of any other lawsuit against the "Released Defendant Parties" (as defined below) about the "Settlement Class's Released Claims" (as defined below) in this case.  It also means that all of the Court's orders will apply to you and legally bind you.  If you remain a Settlement Class Member, and if the Settlement is approved, you will give up all "Settlement Class's Released Claims" (as defined below), including "Unknown Claims" (as defined below), against the "Released Persons" (as defined below):

- "Defendants" means Block.one and the Individual Defendants.

- "EOS Tokens" means tokens on the EOS Blockchain.

- "ERC-20 Tokens" means the tokens that Block.one sold in a token sale that took place from June 26, 2017 to June 1, 2018.

- "Individual Defendants" means Brendan Blumer, David Larimer, Ian Grigg and Brock Pierce.

- "Lead Counsel" means Grant & Eisenhofer P.A., 485 Lexington Avenue, New York, NY 10017.

- "Lead Plaintiff" or "Plaintiff" means Crypto Assets Opportunity Fund LLC.

- "Related Parties" means, as applicable, each and all of a person or entity's respective present and former parents, subsidiaries, divisions, joint ventures, affiliates, and each and all of their respective present and former employees, contractors, members, partners, principals, agents, founders, officers, directors, controlling shareholders, attorneys, advisors, accountants, auditors, financial or investment advisors or consultants, banks or investment bankers, personal or legal representatives, insurers, co-insurers, reinsurers, related or affiliated entities, predecessors, successors, spouses, estates, heirs, executors, trusts, trustees, administrators, agents, representatives, and assigns, in their capacity as such, and any entity in which a person or entity has a controlling interest.

- "Released Parties" means the Released Defendant Parties and Released Plaintiff Parties.

- "Released Defendant Parties" means each and all of Defendants and each of their Related Parties.

- "Released Plaintiff Parties" means Lead Plaintiff, its attorneys and all other Settlement Class Members.

- "Releasing Plaintiffs and Settlement Class Members" means Lead Plaintiff, each Settlement Class Member, and to the fullest extent permissible under law, each of their Related Parties.

- "Settlement Class" means all persons or entities who, directly or through an intermediary, purchased or otherwise acquired ERC-20 Tokens and/or EOS Tokens at any time during the period of June 26, 2017 through May 18, 2020, inclusive. Excluded from the Settlement Class are: (i) Defendants; (ii) the present or former executive officers or members of the Board of Directors of Block.one; (iii) the immediate family members (as defined in 17 C.F.R. §229.404 (Instructions (1)(a)(iii) and (1)(b)(ii)), substituting "Block.one" for "the registrant") of any excluded person; (iv) any entity in which any Defendant has, or had during the Class Period, a controlling interest; and (v) any affiliate of Block.one.  Also excluded from the Settlement Class are any persons and entities who exclude themselves by submitting a request for exclusion that is accepted by the Court.

- "Settlement Class Members" means a person or entity who falls within the definition of the Settlement Class as set forth above.

- "Settlement Class's Released Claims" means any and all claims, demands, rights, causes of action, and liabilities of every nature and description (including "Unknown Claims" as defined below), whether known or unknown, contingent or absolute, liquidated or not liquidated, accrued or unaccrued, suspected or unsuspected, disclosed or undisclosed, apparent or not apparent, foreseen or unforeseen, matured or not matured, which now exist, heretofore or previously existed, or may hereafter exist, including, but not limited to, any claims arising under federal, state, common, or foreign law, whether in the United States or anywhere else in the world, that Lead Plaintiff or any other Settlement Class Member (i) asserted in the Amended Class Action Complaint for Violations of the Federal Securities Laws on September 18, 2020 or the original Class Action Complaint on April 3, 2020 in the Action, or (ii) could have asserted or could in the future assert in any forum that concern, arise out of, refer to, are based upon, or are related in any manner to the allegations, transactions, facts, matters, occurrences, representations, statements, or omissions alleged, involved, set forth, or referred to in any of the Action.  Notwithstanding the foregoing, "Settlement Class's Released Claims" does not include claims relating to the enforcement of the Settlement.

- "Settling Defendants" means Block.one and the Individual Defendants, other than Defendant Ian Grigg.

- "Settling Defendants' Released Claims" means all claims and causes of action of every nature and description, whether known or unknown, whether arising under federal, state, common, or foreign law, that arise out of or relate to the institution, prosecution, or settlement of the claims against the Settling Defendants in the Action.  Notwithstanding the foregoing, "Settling Defendants' Released Claims" does not include claims relating to the enforcement of the Settlement.

- "Settling Parties" means Settling Defendants and Lead Plaintiff, on behalf of itself and Settlement Class Members.

- "Unknown Claims" means (i) any Settlement Class's Released Claim that any Plaintiff or any other Settlement Class Member does not know or suspect to exist

in his, her, or its favor at the time of the release, which, if known by him, her or it, might have affected his, her or its settlement with and release of the Released Defendant Parties, or might have affected his, her or its decision not to object to this settlement or seek exclusion from this settlement, and (ii) any Settling Defendants' Released Claim that any Defendant does not know or suspect to exist in his or its favor at the time of the release, which, if known by him, her, or it, might have affected his, her or its settlement with and release of the Released Plaintiffs and Settlement Class Members.

With respect to (a) any and all Released Claims against the Released Defendant Parties, and (b) any and all Settling Defendants' Released Claims against Lead Plaintiff, the Class and Lead Plaintiff's Counsel, the Settling Parties stipulate and agree that, upon the Effective Date, the Settling Parties shall expressly waive, and the Releasing Plaintiff and Settlement Class Members and Released Defendant Parties shall be deemed to have, and by operation of the Judgment shall have expressly waived, the provisions, rights, and benefits of California Civil Code §1542, which provides:

> **A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party**.

The Settling Parties shall expressly waive, and the Releasing Plaintiff and Settlement Class Members and Released Defendant Parties shall be deemed to have, and by operation of the Judgment shall have, expressly waived any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to California Civil Code §1542. The Releasing Plaintiffs and Settlement Class Members and Released Defendant Parties acknowledge that they may hereafter discover facts, legal theories or authorities in addition to or different from those which he, she, it or their counsel now knows or believes to be true with respect to the subject matter of the Released Claims or Released Defendants' Claims, but (a) the Releasing Plaintiffs and Settlement Class Members shall expressly fully, finally, and forever waive, compromise, settle, discharge, extinguish and release, and each Releasing Plaintiff and Settlement Class Member shall be deemed to have waived, compromised, settled, discharged, extinguished, and released, and upon the Effective Date, and by operation of the Judgment shall have waived, compromised, settled, discharged, extinguished, and released, fully, finally, and forever, any and all Released Claims against the Released Defendant Parties, known or unknown, suspected or unsuspected, contingent or non-contingent, accrued or unaccrued, whether or not concealed or hidden, which now exist, or heretofore have existed, or may hereafter exist, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities, and (b) the Released Defendant Parties shall expressly fully, finally, and forever waive, compromise, settle, discharge, extinguish and release, and

each Released Defendant Party shall be deemed to have waived, compromised, settled, discharged, extinguished, and released, and upon the Effective Date, and by operation of the Judgment shall have waived, compromised, settled, discharged, extinguished, and released, fully, finally, and forever, any and all Released Defendant Claims against the Lead Plaintiff, the Class and Lead Plaintiff's Counsel, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities.   The Settling Parties acknowledge, and the Releasing Plaintiffs and Settlement Class Members and Released Defendant Parties shall be deemed by operation of the Judgment to have acknowledged, that the foregoing waiver was separately bargained for and is an essential element of the Settlement of which this release is a part.

## EXCLUDING YOURSELF FROM THE CLASS

If you do not want to participate in this Settlement, and you want to keep the right to potentially sue the Released Defendant Parties, on your own, about the claims being released by the Settlement, then you must take steps to remove yourself from the Settlement.  This is called excluding yourself – or is sometimes referred to as "opting out."  If you are requesting exclusion because you want to bring your own lawsuit based on the matters alleged in this Action, you may want to consult an attorney and discuss whether any claim that you may wish to pursue would be barred, including by the applicable statutes of limitation or repose or on other grounds.

**11.    How do I get out of the Settlement Class and the proposed Settlement?**

To exclude yourself from the Settlement Class and the Settlement, you must send a letter by First-Class Mail stating that you "request exclusion from the Class in the *Block.one Settlement*." Your letter must identify your purchases or acquisitions of ERC-20 Tokens and/or EOS Tokens during the Class Period, including the dates, the number of ERC-20 Tokens and/or EOS Tokens purchased or acquired, and price paid for each such purchase or acquisition.  In addition, you must include your name, address, telephone number, and your signature.  Alternatively, you may email your application to the following address: info@Block.One-Settlement.com.

You must submit your exclusion request so that it is **postmarked no later than** _____, **2021** to:

**EXCLUSIONS**
*Block.one Settlement*
c/o Epiq
P.O. Box 4808
Portland, OR 97208-4808
(855) 535-1874


**QUESTIONS?**
**PLEASE CALL (855) 535-1874**
**OR VISIT www.blockone-settlement.com**
11

If you ask to be excluded, you will not get any payment from the Settlement, and you cannot object to the Settlement. You will not be legally bound by anything that happens in this lawsuit, and you may be able to sue the Released Defendants Parties about the Released Claims in the future.

**12.    If I do not exclude myself, can I sue the Defendants and the other Released Persons for the same conduct later?**

No. Unless you exclude yourself, you give up any rights you may potentially have to sue the Defendants and the other Released Parties for any and all Settlement Class's Released Claims. If you have a pending lawsuit against the Released Parties, speak to your lawyer in that case immediately. You must exclude yourself from the Class in this Action to continue your own lawsuit. Remember, the exclusion deadline is _____, 2021.

**13.    If I exclude myself, can I get money from the proposed Settlement?**

No. If you exclude yourself, you should not send in a Proof of Claim to ask for any money. But you may have the right to potentially sue or be part of a different lawsuit against the Defendants and the other Released Parties.

## THE LAWYERS REPRESENTING THE SETTLEMENT CLASS

**14.    Do I have a lawyer in this case?**

The Court has appointed Grant & Eisenhofer P.A. to represent the Settlement Class Members, including you. These lawyers are called Lead Counsel. If you want to be represented by your own lawyer, you may hire one at your own expense.

**15.    How will the lawyers be paid?**

Lead Counsel will apply to the Court for an award of attorneys' fees not to exceed 25% of the Settlement Amount and for expenses, costs and charges the lawyers incurred in an amount not to exceed $300,000 in connection with the Action, plus interest on such fees and expenses at the same rate as earned by the Settlement Fund. Such sums will be paid from the Settlement Fund if they are approved by the Court.

## OBJECTING TO THE SETTLEMENT

You can tell the Court that you do not agree with the Settlement or any part of it.

**16.    How do I tell the Court that I object to the proposed Settlement?**

If you are a Settlement Class Member, you can comment on or object to the proposed Settlement, the proposed Plan of Allocation and/or Lead Counsel's fee and expense application. You can write to the Court setting out your comment or objection. The Court will consider your views. To comment or object, you must send a signed letter saying that you wish to comment on or object to the proposed Settlement in the *Block.one Settlement*. Include your name, address,

telephone number, and your signature, identify the date(s), price(s), and number of ERC-20 Tokens and/or EOS Tokens you purchased, identify the date(s), price(s), and number of ERC-20 Tokens and/or EOS Tokens you purchased, acquired, and sold during the Class Period, and state with specificity your comments or the reasons why you object to the proposed Settlement, Plan of Allocation and/or fee and expense application, including any legal support for such objection. Any objection must state whether it applies only to the objector or to the Class as a whole. You must also include copies of documents demonstrating your purchase(s), acquisition(s), and/or sale(s). Your comments or objection must be filed with the Court and mailed or delivered to each of the following addresses such that it is *received* **no later than** _____, 2021:

| COURT | LEAD COUNSEL | DEFENDANTS' COUNSEL |
|---|---|---|
| CLERK OF THE COURT UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF NEW YORK 500 Pearl Street New York, NY 10007 | GRANT & EISENHOFER P.A. DANIEL L. BERGER 485 Lexington Avenue, 29th Floor New York, NY 10017 dberger@gelaw.com | DAVIS POLK & WARDWELL LLP NEAL POTISCHMAN 1600 El Camino Real Menlo Park, CA 94025 Neal.potischman@davispolk.com |

**17.    What is the difference between objecting and excluding?**

Objecting is simply telling the Court that you do not like something about the Settlement. You can object **only** if you stay in the Class.

Excluding yourself is telling the Court that you do not want to be paid and do not want to release any claims you think you may have against Defendants and their Related Parties. If you exclude yourself, you cannot object to the Settlement because it does not affect you.

**THE COURT'S SETTLEMENT HEARING**

The Court will hold a hearing to decide whether to approve the proposed Settlement. You may attend and you may ask to speak, but you do not have to.

**18.    When and where will the Court decide whether to approve the proposed Settlement?**

The Court will hold a hearing at ____ .m., on _____, 2021, in the Courtroom of the Honorable Lewis A. Kaplan, at the United States District Court for the Southern District of New York, Daniel Patrick Moynihan U.S. Courthouse, 500 Pearl Street, New York, NY 10007 (the "Settlement Hearing"). At the hearing, the Court will consider whether the Settlement and the Plan of Allocation are fair, reasonable, and adequate. If there are objections, the Court will consider them, even if you do not ask to speak at the hearing. The Court will listen to people who have asked to speak at the hearing. The Court will also consider Lead Counsel's application for

**QUESTIONS?**
**PLEASE CALL (855) 535-1874**
**OR VISIT www.blockone-settlement.com**

an award of attorneys' fees and expenses, and may also decide how much to pay to Lead Counsel and Lead Plaintiff. After the Settlement Hearing, the Court will decide whether to approve the Settlement and the Plan of Allocation. We do not know how long these decisions will take. You should be aware that the Court may change the date and time of the Settlement Hearing without another notice being sent to Settlement Class Members.

### 19.   Do I have to come to the hearing?

No. Lead Counsel will answer questions the Court may have. But, you are welcome to come at your own expense. If you send an objection, you do not have to come to Court to talk about it. As long as you mailed or submitted your written objection on time, the Court will consider it. You may also pay your own lawyer to attend, but it is not necessary. Settlement Class Members do not need to appear at the hearing or take any other action to indicate their approval.

### 20.   May I speak at the hearing?

If you object to the Settlement, the Plan of Allocation, and/or the fee and expense application, you may ask the Court for permission to speak at the Settlement Hearing. To do so, you must include with your objection (*see* question 16 above) a statement saying that it is your "Notice of Intention to Appear in the *Block.one Settlement*." Persons who intend to object to the Settlement, the Plan of Allocation, and/or any attorneys' fees and expenses to be awarded to Lead Counsel or Lead Plaintiff and desire to present evidence at the Settlement Hearing must include in their written objections the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the Settlement Hearing. Your notice of intention to appear must be *received* no later than _____, 2021, and addressed to the Clerk of Court, Lead Counsel, and Defendants' Counsel, at the addresses listed above in question 16.

You cannot speak at the hearing if you exclude yourself from the Settlement Class.

### IF YOU DO NOTHING

### 21.   What happens if I do nothing?

If you do nothing, you will not receive any money from this Settlement. In addition, unless you exclude yourself, you will not be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against Defendants and their Related Parties about the Settlement Class's Released Claims in this case.

### GETTING MORE INFORMATION

### 22.   How do I get more information?

For even more detailed information concerning the matters involved in this Action, you can obtain answers to common questions regarding the proposed Settlement by contacting the Claims Administrator toll-free at (855) 535-1874. Reference is also made to the Settlement Agreement, to the pleadings in support of the Settlement, to the Orders entered by the Court and to the other settlement related papers filed in the Action, which are posted on the Settlement

**QUESTIONS?**
**PLEASE CALL (855) 535-1874**
**OR VISIT www.blockone-settlement.com**

website at www.blockone-settlement.com, and which may be inspected at the Office of the Clerk of the United States District Court for the Southern District of New York, during regular business hours.  For a fee, all papers filed in this Action are available at www.pacer.gov.

## PLAN OF ALLOCATION OF NET SETTLEMENT FUND AMONG SETTLEMENT CLASS MEMBERS

The Settlement Amount of $27.5 million and any interest earned thereon is the "Settlement Fund."  The Settlement Fund, less all taxes, tax expenses, notice and claims administration expenses, and approved fees and expenses (the "Net Settlement Fund") shall be distributed to Settlement Class Members who submit timely and valid Proof of Claim forms to the Claims Administrator ("Authorized Claimants").

The objective of the Plan of Allocation is to equitably distribute the Net Settlement Fund among the Settlement Class Members.

The Claims Administrator shall determine each Class Member's security of the Net Settlement Fund based upon the recognized loss formula (the "Recognized Loss") described below.  A Recognized Loss will be calculated for each EOS Token and/or ERC-20 Token ("Token") purchased or otherwise acquired in the Class Period.  The calculation of a Recognized Loss will depend upon several factors, including when the Tokens were purchased or otherwise acquired and in what amounts, whether they were ever sold, and, if so, when they were sold and for what amounts.  The Recognized Loss is not intended to estimate the amount a Settlement Class Member might have been able to recover after a trial, nor to estimate the amount that will be paid to the Settlement Class Member pursuant to the Settlement.  The Recognized Loss is the basis upon which the Net Settlement Fund will be proportionately allocated to Settlement Class Members.

Your security of the Net Settlement Fund will depend on the number of valid Proofs of Claim and Release that Settlement Class Members send in and how many Tokens you purchased or otherwise acquired during the Class Period, and whether you sold any of those Tokens and when you sold them.

The calculation of claims below is not an estimate of the amount you will receive.  It is a formula for allocating the Net Settlement Fund among all Authorized Claimants.  Furthermore, if any of the formulas set forth below yield an amount less than $0.00, the claim per Token is $0.00.

In the event a Settlement Class Member has more than one purchase (or acquisition) and sale of Tokens during the Class Period, all such purchases and sales shall be matched on a First-In, First-Out ("FIFO") basis.  Sales will be matched against purchases in chronological order, beginning with the earliest purchase made.

The total recognized loss is calculated for all matched purchases and sales for a given claimant. If the matched purchases and sales for a given claimant reflect an overall gain, the

recognized claim for the specific Token involved in the claimant's transactions will be $0.00.  The Claims Administrator shall allocate to each Authorized Claimant a *pro rata* share of the Net Settlement Fund based on his, her, or its recognized loss as compared to the total recognized losses of all Authorized Claimants.  No distribution shall be made to Authorized Claimants who would otherwise receive a distribution of less than $10.00.

## CALCULATION OF RECOGNIZED LOSS AMOUNTS

For each purchase or acquisition of Tokens that is properly documented, a "Recognized Loss Amount" will be calculated according to the formulas described below.  Such "Recognized Loss Amounts" will be aggregated across all purchases to determine the "Recognized Claim" for each Class Member.  To the extent a Class Member has a Recognized Loss Amount under the 1934 Act and the 1933 Act resulting from the same purchase or acquisition of Tokens, the Recognized Loss Amount will be the greater of the 1934 Act Recognized Loss Amount and the 1933 Act Recognized Loss Amount.

The calculations made pursuant to the Plan of Allocation are not intended to be estimates of, nor indicative of, the amounts that Settlement Class Members might have been able to recover after a trial.  Nor are the calculations pursuant to the Plan of Allocation intended to be estimates of the amounts that will be paid to Authorized Claimants pursuant to the Settlement.  The computations under the Plan of Allocation are only a method to weigh the claims of claimants against one another for the purposes of making *pro rata* allocations of the Net Settlement Fund.

### 1934 ACT CLAIMS RECOGNIZED LOSS AMOUNTS

For the 1934 Act claims, the Plan of Allocation was developed based on the alleged inflation per Token shown in the chart below.[3]  A 1934 Act Recognized Loss Amount is calculated for each Settlement Class Member who purchased Tokens during the period of June 26, 2017 through June 25, 2019 based on when that claimant purchased and sold its Tokens, or retained such Tokens beyond the end of this period.

Based on the formulas presented below, a "1934 Act Recognized Loss Amount" will be calculated for each purchase or acquisition of Tokens during the period of June 26, 2017 through June 25, 2019 that is listed on the Proof of Claim and Release form and for which adequate documentation is provided.  If a Recognized Loss Amount calculates to a negative number or zero under the formula below, that Recognized Loss Amount will be zero.

---

[3]     Under §21(D)(e)(1) of the 1934 Act, "in any private action arising under this Act in which the plaintiff seeks to establish damages by reference to the market price of a security, the award of damages to the plaintiff shall not exceed the difference between the purchase or sale price paid or received, as appropriate, by the plaintiff for the subject security and the mean trading price of that security during the 90-day period beginning on the date on which the information correcting the misstatement or omission that is the basis for the action is disseminated to the market."

| Inflation Period | Inflation per Token |
|---|---|
| June 26, 2017 – June 7, 2018 | $8.00 |
| June 8, 2018 | $7.61 |
| June 9, 2018 – June 10, 2018 | $6.82 |
| June 11, 2018 – June 21, 2018 | $5.97 |
| June 22, 2018 – June 24, 2018 | $5.05 |
| June 25, 2018 | $4.67 |
| June 26, 2018  - June 2, 2019 | $4.14 |
| June 3, 2019 | $2.34 |
| June 4, 2019 | $2.59 |
| June 5, 2019 – June 21, 2019 | $2.57 |
| June 22, 2019 – June 24, 2019 | $2.10 |
| June 25, 2019 | $1.83 |
| June 25, 2019 - May 18, 2020 | $0.00 |

For Tokens purchased or acquired on or between June 26, 2017 through and including June 25, 2019, the recognized loss per Token shall be as follows:

a)      If sold on or before June 7, 2018, the recognized loss per Token is $0.00;

b)      If sold after June 7, 2018 but before June 26, 2019, the recognized loss per Token shall be the lesser of: (i) the alleged inflation per Token at the time of purchase minus the alleged inflation per Token at the time of sale; and (ii) the difference between the purchase price and the selling price.

c)      If retained at the close of trading on June 26, 2019, the recognized loss per Token shall be the least of: (i) the alleged inflation per Token at the time of purchase; (ii) the difference between the purchase price and the selling price (if sold); and (iii) the difference between the purchase price and $2.66.

## 1933 ACT CLAIMS RECOGNIZED LOSS AMOUNTS

1933 Act claims were asserted with respect to Tokens purchased or otherwise acquired in the Token Sale. The 1933 Act claims asserted in the action serve as the basis for the calculation of 1933 Act Recognized Loss Amounts.

Based on the formulas stated below, a "1933 Act Recognized Loss Amount" will be calculated for each purchase/acquisition of Tokens in the Token Sale. If a 1933 Act Recognized Loss Amount calculates to a negative number or zero under the formula below, that number will be zero.

A 1933 Act Recognized Loss Amount will be calculated as set forth below for each purchase or other acquisition of a Token pursuant to the Token Sale.

For Tokens purchased or acquired in the Token Sale, and

1)     sold on or before May 18, 2020, the recognized loss per Token is the purchase price per Token minus the sale price; or

2)     retained at the close of trading on May 18, 2020, the recognized loss per Token is the purchase price per Token minus the closing price on May 18, 2020 of $2.66 per Token.

A purchase, acquisition or sale of Tokens shall be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date. All purchase, acquisition and sale prices shall exclude any fees and commissions.

Distributions will be made to Authorized Claimants after all claims have been processed, after the Court has finally approved the Settlement, and after any appeals are resolved. If there is any balance remaining in the Net Settlement Fund after at least six (6) months from the initial date of distribution of the Net Settlement Fund (whether by reason of tax refunds, uncashed checks, or otherwise), the Claims Administrator shall, if feasible, reallocate such balance among Authorized Claimants in an equitable and economic fashion. These redistributions shall be repeated until the balance remaining in the Net Settlement Fund is no longer economically feasible to distribute to Settlement Class Members. Thereafter, any balance that still remains in the Net Settlement Fund shall be donated to any appropriate non-profit charitable organization(s) unaffiliated with any party or their counsel serving the public interest.

Please contact the Claims Administrator or Lead Counsel if you disagree with any determinations made by the Claims Administrator regarding your Proof of Claim and Release. If you are dissatisfied with the determinations, you may ask the Court, which retains jurisdiction over all Settlement Class Members and the claims administration process, to decide the issue by submitting a written request.

The Court has retained jurisdiction to allow, disallow, or adjust the claim of any Class Settlement Member on equitable grounds.

**QUESTIONS?**
**PLEASE CALL (855) 535-1874**
**OR VISIT www.blockone-settlement.com**

Payment pursuant to the Plan of Allocation set forth above shall be conclusive against all Authorized Claimants. No Person shall have any claim against Lead Plaintiff, Lead Counsel, any Claims Administrator, any other Person designated by Lead Plaintiff's Counsel, or any of the Released Persons based on the distributions made substantially in accordance with the Stipulation and the Settlement contained therein, the Plan of Allocation, or further orders of the Court. All Settlement Class Members who fail to complete and submit a valid and timely Proof of Claim and Release shall be barred from participating in distributions from the Net Settlement Fund (unless otherwise ordered by the Court), but otherwise shall be bound by all of the terms of the Settlement, including the terms of any judgment entered and the releases given.

A "claim" will be calculated as follows:

The date of purchase or sale is the "contract" or "trade" date as distinguished from the "settlement" date.

For Settlement Class Members who made multiple purchases, acquisitions, or sales during the Class Period, the First-In, First-Out ("FIFO") method will be applied to such holdings, purchases, acquisitions, and sales for purposes of calculating a claim. Under the FIFO method, sales of ERC-20 Tokens during the Class Period will be matched, in chronological order, against ERC-20 Tokens purchased or acquired during the Class Period, and sales of EOS Tokens during the Class Period will be matched, in chronological order, against EOS Tokens purchased or acquired during the Class Period.

A Settlement Class Member will be eligible to receive a distribution from the Net Settlement Fund only if a Settlement Class Member had a net overall loss, after all profits from transactions in all ERC-20 Tokens or EOS Tokens described above during the Class Period are subtracted from all losses. No distributions will be made to Authorized Claimants who would otherwise receive a distribution of less than $10.00.

A purchase, acquisition or sale of ERC-20 Tokens or EOS Tokens shall be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date. All purchase, acquisition and sale prices shall exclude any fees and commissions.

Distributions will be made to Authorized Claimants after all claims have been processed, after the Court has finally approved the Settlement, and after any appeals are resolved. If there is any balance remaining in the Net Settlement Fund after at least six (6) months from the initial date of distribution of the Net Settlement Fund (whether by reason of tax refunds, uncashed checks, or otherwise), the Claims Administrator shall, if feasible, reallocate such balance among Authorized Claimants in an equitable and economic fashion. These redistributions shall be repeated until the balance remaining in the Net Settlement Fund is no longer economically feasible to distribute to Settlement Class Members. Thereafter, any balance that still remains in the Net Settlement Fund shall be donated to any appropriate non-sectarian, non-profit charitable organization(s) serving the public interest.

Please contact the Claims Administrator or Lead Counsel if you disagree with any determinations made by the Claims Administrator regarding your Proof of Claim. If you are

**QUESTIONS?**
**PLEASE CALL (855) 535-1874**
**OR VISIT www.blockone-settlement.com**

dissatisfied with the determinations, you may ask the Court, which retains jurisdiction over all Settlement Class Members and the claims administration process, to decide the issue by submitting a written request.

The Court has reserved jurisdiction to allow, disallow, or adjust the claim of any Settlement Class Member on equitable grounds.

Payment pursuant to the Plan of Allocation set forth above shall be conclusive against all Authorized Claimants. The Released Defendant Parties shall have no liability, obligation, or responsibility whatsoever with respect to: (i) any act, omission, or determination by the Escrow Agent, Lead Counsel, Lead Plaintiff, or the Claims Administrator, or any of their respective designees or agents, in connection with the administration of the Settlement or otherwise; (ii) the management, investment, or distribution of the Settlement Fund; (iii) the Plan of Allocation; (iv) the determination, administration, or calculation of claims to be paid from the Settlement Fund; or (v) the payment or withholding of Taxes or Tax Expenses, or any expenses or losses incurred in connection therewith. No Person shall have any claim against Lead Plaintiff, Lead Counsel, the Claims Administrator, or other Person designated by Lead Counsel, Defendants, or Defendants' Counsel based on distributions made substantially in accordance with the Stipulation and the Settlement contained therein, the Plan of Allocation, or further orders of the Court. All Settlement Class Members who fail to complete and submit a valid and timely Proof of Claim shall be barred from participating in distributions from the Net Settlement Fund (unless otherwise ordered by the Court), but otherwise shall be bound by all of the terms of the Stipulation, including the terms of any judgment entered and the releases given.

## SPECIAL NOTICE TO EXCHANGES OR OTHER TOKEN SELLERS AND OTHER NOMINEES

If you purchased or acquired ERC-20 Tokens or EOS Tokens during the Class Period for the beneficial interest of an individual or organization other than yourself, the Court has directed that, WITHIN TEN (10) DAYS OF YOUR RECEIPT OF THIS NOTICE, you either (a) provide to the Claims Administrator the name and last known address of each person or organization for whom or which you purchased or acquired such tokens during such time period, or (b) request additional copies of this Notice and the Proof of Claim form, which will be provided to you free of charge, and within ten (10) days mail the Notice and Proof of Claim form directly to the beneficial owners of the tokens referred to herein. If you choose to follow alternative procedure (b), upon such mailing, you must send a statement to the Claims Administrator confirming that the mailing was made as directed and retain the names and addresses for any future mailings to Settlement Class Members. You are entitled to reimbursement from the Settlement Fund of your reasonable expenses actually incurred in connection with the foregoing, including reimbursement of postage expense and the cost of ascertaining the names and addresses of beneficial owners. Your reasonable expenses will be paid upon request and submission of appropriate supporting documentation. All communications concerning the foregoing should be addressed to the Claims Administrator:

**QUESTIONS?**
**PLEASE CALL (855) 535-1874**
**OR VISIT www.blockone-settlement.com**

*Block.one Settlement*
c/o EPIQ
P.O. Box 4808
Portland, OR 97208-4808
(855) 535-1874
info@BlockOne-Settlement.com

--or--

www.Blockone-Settlement.com


DATED: _____         _____
                               BY ORDER OF THE COURT
                               UNITED STATES DISTRICT COURT
                               SOUTHERN DISTRICT OF NEW YORK

**QUESTIONS?**
**PLEASE CALL (855) 535-1874**
**OR VISIT www.blockone-settlement.com**

**Block.one Securities Settlement**
**c/o Epiq**
**P.O. Box 4808**
**Portland, OR 97208-4808**
**U.S & Canada Toll-Free Number: (855) 535-1874**
**Email: info@blockone-settlement.com**
**Website: www.blockone-settlement.com**

## PROOF OF CLAIM AND RELEASE

TO BE ELIGIBLE TO RECEIVE A SHARE OF THE NET SETTLEMENT FUND IN
CONNECTION WITH THE PROPOSED SETTLEMENT OF THIS ACTION, YOU MUST
EITHER (A) MAIL A COMPLETED AND SIGNED PROOF OF CLAIM AND RELEASE
FORM ("CLAIM FORM") TO THE ABOVE ADDRESS VIA PREPAID FIRST-CLASS MAIL,
POSTMARKED ON OR BEFORE _____, 2021, OR (B) COMPLETE AND
SUBMIT THE PROOF OF CLAIM THROUGH THE SETTLEMENT WEBSITE,
WWW.BLOCKONE-SETTLEMENT.COM, ON OR BEFORE _____, 2021.

FAILURE TO MAIL OR SUBMIT YOUR CLAIM FORM BY THE DATE SPECIFIED WILL
SUBJECT YOUR CLAIM TO REJECTION AND MAY PRECLUDE YOU FROM BEING
ELIGIBLE TO RECEIVE ANY MONEY IN CONNECTION WITH THE PROPOSED
SETTLEMENT.

**DO NOT MAIL OR DELIVER YOUR CLAIM FORM TO THE COURT, THE PARTIES
TO THE ACTION, OR THEIR COUNSEL. SUBMIT YOUR CLAIM FORM ONLY TO
THE CLAIMS ADMINISTRATOR AT THE ADDRESS SET FORTH ABOVE OR
THROUGH THE WEBSITE AT WWW.BLOCKONE-SETTLEMENT.COM.**

## PART I – GENERAL INSTRUCTIONS

1.      It is important that you completely read and understand the Notice of (I) Pendency
of Class Action and Proposed Settlement; (II) Settlement Fairness Hearing; and (III) Motion for
an Award of Attorneys' Fees and Reimbursement of Litigation Expenses (the "Notice") that
accompanies this Claim Form, including the Plan of Allocation of the Net Settlement Fund set
forth in the Notice. **These documents may also be found at the settlement website indicated
above.** The Notice describes the proposed Settlement, how Settlement Class Members are affected
by the Settlement, and the manner in which the Net Settlement Fund will be distributed if the Court
approves the Settlement and Plan of Allocation. The Notice also contains the definitions of many
of the defined terms (which are indicated by initial capital letters) used in this Claim Form. By
signing and submitting this Claim Form, you will be certifying that you have read and that you
understand the Notice, including the terms of the releases described therein and provided for
herein.

2.      By submitting this Claim Form, you will be making a request to share in the
proceeds of the Settlement described in the Notice. IF YOU ARE NOT A SETTLEMENT CLASS
MEMBER (see the definition of the Settlement Class on page 6 of the Notice, which sets forth
who is included in and who is excluded from the Settlement Class), OR IF YOU, OR SOMEONE

1

EXHIBIT A2

ACTING ON YOUR BEHALF, SUBMITTED A REQUEST FOR EXCLUSION FROM THE SETTLEMENT CLASS, DO NOT SUBMIT A CLAIM FORM. **YOU MAY NOT, DIRECTLY OR INDIRECTLY, PARTICIPATE IN THE SETTLEMENT IF YOU ARE NOT A SETTLEMENT CLASS MEMBER.** THUS, IF YOU ARE EXCLUDED FROM THE SETTLEMENT CLASS, ANY CLAIM FORM THAT YOU SUBMIT, OR THAT MAY BE SUBMITTED ON YOUR BEHALF, WILL NOT BE ACCEPTED.

3.      **Submission of this Claim Form does not guarantee that you will share in the proceeds of the Settlement. The distribution of the Net Settlement Fund will be governed by the Plan of Allocation set forth in the Notice, if it is approved by the Court, or by such other plan of allocation as the Court approves.**

4.      Use Part III of this form to set forth your transactions related to your EOS Token and/or ERC-20 Token acquisitions between June 26, 2017 and May 18, 2020.  Provide all of the requested information with respect to your holdings, purchases, acquisitions, and sales of EOS Tokens and/or ERC-20 Tokens, regardless of whether you know that such transactions resulted in a profit or a loss. **Failure to report all transaction and holding information during the requested time period may result in the rejection of your claim.**

5.      You are required to submit genuine and sufficient documentation for all of your transactions in and holdings of EOS Tokens and/or ERC-20 Tokens set forth in the Schedule of Transactions in Part III of this Claim Form. The Parties and the Claims Administrator do not independently have information about your investments in EOS Tokens and/or ERC-20 Tokens. IF SUCH DOCUMENTS ARE NOT IN YOUR POSSESSION, PLEASE OBTAIN COPIES OR EQUIVALENT DOCUMENTS FROM ANOTHER SOURCE, INCLUDING AS APPROPRIATE FROM ANY EXCHANGE ON WHICH YOU CONDUCTED TRANSACTIONS. FAILURE TO SUPPLY THIS DOCUMENTATION MAY RESULT IN THE REJECTION OF YOUR CLAIM. DO NOT SEND ORIGINAL DOCUMENTS. **Please keep a copy of all documents that you send to the Claims Administrator. Also, please do not highlight any portion of the Claim Form or any supporting documents.**

6.      Separate Claim Forms should be submitted for each separate legal entity (*e.g.*, a claim from joint owners should not include separate transactions of just one of the joint owners). Conversely, a single Claim Form should be submitted on behalf of one legal entity including all transactions made by that entity on one Claim Form, no matter how many separate accounts or transactions that entity has.

7.      Agents, executors, administrators, guardians, and trustees must complete and sign the Claim Form on behalf of persons represented by them, and they must:

      (a)     expressly state the capacity in which they are acting;

      (b)     identify the name, account number, Social Security number (or taxpayer identification number), address and telephone number of the beneficial owner of (or other person or entity on whose behalf they are acting with respect to) EOS Tokens and/or ERC-20 Tokens; and

      (c)     furnish herewith evidence of their authority to bind to the Claim Form the person or entity on whose behalf they are acting.

8.      By submitting a signed Claim Form, you will be swearing that you:

(a)      own(ed) the EOS Tokens and/or ERC-20 Tokens you have listed in the Claim Form; or

(b)      are expressly authorized to act on behalf of the owner thereof.

9.      By submitting a signed Claim Form, you will be swearing to the truth of the statements contained therein and the genuineness of the documents attached thereto, subject to penalties of perjury under the laws of the United States of America. The making of false statements, or the submission of forged or fraudulent documentation, will result in the rejection of your claim and may subject you to civil liability or criminal prosecution.

10.     If the Court approves the Settlement, payments to eligible Authorized Claimants pursuant to the Plan of Allocation (or such other plan of allocation as the Court approves) will be made after any appeals are resolved, and after the completion of all claims processing. The claims process will take substantial time to complete fully and fairly. Please be patient.

11.     **PLEASE NOTE:** As set forth in the Plan of Allocation, each Authorized Claimant shall receive his, her or its *pro rata* share of the Net Settlement Fund. If the prorated payment to any Authorized Claimant calculates to less than $10.00, it will not be included in the calculation and no distribution will be made to that Authorized Claimant.

12.     If you have questions concerning the Claim Form, or need additional copies of the Claim Form or the Notice, you may contact the Claims Administrator, Epiq, at the above address, by email at info@blockone-settlement.com, by toll-free phone from the U.S. and Canada at (855) 535-1874, or you can visit the Settlement website, www.blockone-settlement.com, where copies of the Claim Form and Notice are available for downloading.

## IMPORTANT: PLEASE NOTE

**YOUR CLAIM IS NOT DEEMED FILED UNTIL YOU RECEIVE AN ACKNOWLEDGEMENT EMAIL. THE CLAIMS ADMINISTRATOR WILL ACKNOWLEDGE RECEIPT OF YOUR CLAIM FORM BY EMAIL, WITHIN 60 DAYS. IF YOU DO NOT RECEIVE AN ACKNOWLEDGEMENT EMAIL WITHIN 60 DAYS, PLEASE CALL THE CLAIMS ADMINISTRATOR TOLL-FREE AT (855) 535-1874.**

The Claims Administrator will use this information for all communications regarding this Claim Form. If the information changes, you MUST notify the Claims Administrator at the address above.

## PART II – CLAMANT IDENTIFICATION

**PLEASE COMPLETE THIS PART II IN ITS ENTIRETY. THE CLAIMS ADMINISTRATOR WILL USE THIS INFORMATION FOR ALL COMMUNICATIONS REGARDING THIS CLAIM FORM. IF THIS INFORMATION CHANGES, YOU MUST NOTIFY THE CLAIMS ADMINISTRATOR IN WRITING AT THE ADDRESS ABOVE.**

Beneficial Owner's First Name          MI          Beneficial Owner's Last Name

Co-Beneficial Owner's First Name       MI          Co-Beneficial Owner's Last Name

Entity Name (if Beneficial Owner is not an individual)

Representative or Custodian Name (if different from Beneficial Owner(s) listed above)

Address 1 (street name and number)

Address 2 (apartment, unit or box number)

City                                              State     Zip Code

Country

Last four digits of Social Security Number or Taxpayer Identification Number

Primary Phone Number                              Alternate Phone Number

Email Address

Claimant Account Type

☐ Individual (includes joint owner accounts)

☐ Corporation

☐ Other (please specify)_____

4

## Block.one EOS Token and ERC-20 Token
## Settlement Payment Election Form

### A. Payment by Check

Complete this section if you want to receive any potential payment via Check.

| Name and Address to Appear on Checks: | Name | | | | |
|---|---|---|---|---|---|
| | Street | | | | |
| | City | State | Zip | | Country |

### B. Payment by Wire Transfer

Complete this section if you want to receive any potential payment via Wire transfer.

Domestic ☐        International ☐

| | |
|---|---|
| **Beneficiary Bank Name:** | |
| **Beneficiary Bank ABA Routing Number:** | |
| **Beneficiary Account Name:** | |
| **Beneficiary Account Number:** | |
| **Beneficiary IBAN:** | |
| **Beneficiary Bank SWIFT Code:** | |
| **For Further Credit Account Name (if any):** | |
| **For Further Credit Account Number (if any):** | |
| **Other Special Instructions (if any):** | |
| **Intermediary Bank Name (if any):** | |
| **Intermediary Bank ABA Routing Number or SWIFT Code (if any):** | |

### C. Payment by PayPal

Complete this section if you want to receive any potential payment via PayPal transfer.

| **PayPal Customer Information:** | Recipient ID (Email Address) |
|---|---|
| | |

## PART III – EOS Token and/or ERC-20 TOKEN TRANSACTIONS

Complete this Part III if, and only if, you acquired EOS Tokens and/or ERC-20 Tokens between June 26, 2017 and May 18, 2020, including in Block.one's Token Sale conducted between June 26, 2017 to June 1, 2018 ("Block.one Token Sale"). During the Claims Process, the Claims Administrator may email you with instructions to confirm your ownership of the BTC or ETH addresses which made the acquisitions you list below.

### STEP 1:

### PLEASE SET FORTH YOUR TOKEN SALE ACQUISITIONS OF ERC-20 TOKENS FROM BETWEEN JUNE 26, 2017 AND JUNE 1, 2018 IN THE TABLE BELOW.

| Date of Acquisition | Currency of Transaction (ETH) | Purchase Price | Number of Tokens Acquired |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

Ethereum Address from Which Crypto Was Contributed for Purchase

Do You Have Access to the Address(es) from Which Crypto Was Contributed? (Y/N)

### STEP 2.

### PLEASE SET FORTH YOUR NON-TOKEN SALE ACQUISITIONS OF EOS TOKENS FROM BETWEEN JULY 1, 2017 AND MAY 18, 2020 IN THE TABLE BELOW.

| Date of Acquisition | Currency of Transaction (BTC, ETH, USD, other) | Purchase Price | Number of Tokens Acquired |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

6

**Address from Which Crypto Was Contributed for Purchase**

| | | | | | | | | | | | | | | | | | | | | | | | | | | | | |
|--|--|--|--|--|--|--|--|--|--|--|--|--|--|--|--|--|--|--|--|--|--|--|--|--|--|--|--|--|
| | | | | | | | | | | | | | | | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | | | | | | | | | | | | | | | |

**Do You Have Access to the Address(es) from Which Crypto Was Contributed? (Y/N)** ☐

## STEP 3.

Number of EOS Tokens and/or ERC-20 Tokens you sold on or before May 18, 2020 (If you enter a number greater than 0, please fill out Step 3A.)

| | | | | | | | | | | | | | | | | | | | | | | | | | | | |
|--|--|--|--|--|--|--|--|--|--|--|--|--|--|--|--|--|--|--|--|--|--|--|--|--|--|--|--|

Number of EOS Tokens and/or ERC-20 Tokens you continued to hold on May 18, 2020 (If you enter a number greater than 0, please proceed to Step 3B.)

| | | | | | | | | | | | | | | | | | | | | | | | | | | | |
|--|--|--|--|--|--|--|--|--|--|--|--|--|--|--|--|--|--|--|--|--|--|--|--|--|--|--|--|

**THE TOTAL EOS TOKENS AND/OR ERC-20 TOKENS IN THE ABOVE TWO FIELDS SHOULD EQUAL THE TOTAL NUMBER OF EOS TOKENS AND/OR ERC-20 TOKENS DESCRIBED IN STEPS 1 AND 2 COMBINED.**

## STEP 3A.

**PLEASE PROVIDE INFORMATION INDICATING THE DATE AND TIME YOU SOLD EOS TOKENS AND/OR ERC-20 TOKENS AND DOCUMENTATION SHOWING EVIDENCE OF EACH SALE TRANSACTION**

| Date | Number of EOS Tokens and/or ERC-20 Tokens Sold | Currency of Transaction (BTC, ETH, USD, other) | Total Consideration Received |
|--|--|--|--|
| | | | |
| | | | |
| | | | |

**STEP 3B.**

**PLEASE PROVIDE DOCUMENTATION SUFFICIENT TO SHOW EVIDENCE THAT YOU HELD THESE EOS TOKENS AND/OR ERC-20 TOKENS ON MAY 18, 2020.**

If you do not have access to your EOS account due to a lost key or password and do not have other documentation that shows you held your EOS Tokens and/or ERC-20 Tokens on May 18, 2020, please visit https://eosauthority.com/lostkey for information on how you may be able to recovery your EOS account.

## PART IV – RELEASE OF CLAIMS AND SIGNATURE

**YOU MUST ALSO READ THE RELEASE AND CERTIFICATION BELOW AND SIGN ON PAGE 10 OF THIS CLAIM FORM.**

I (we) hereby acknowledge that, pursuant to the terms set forth in the Stipulation, without further action by anyone, upon the Effective Date of the Settlement, I (we), on behalf of myself (ourselves), and my (our) heirs, executors, administrators, predecessors, successors, and assigns, in their capacities as such, shall be deemed to have, and by operation of law and of the judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived and discharged each and every one of the Settlement Class's Released Claims (including, without limitation, any Unknown Claims) against the Defendants and the other Released Defendant Parties, and shall forever be barred and enjoined from prosecuting any or all of the Settlement Class's Released Claims against any of the Released Defendant Parties.

**CERTIFICATION**

By signing and submitting this Claim Form, the claimant(s) or the person(s) who represent(s) the claimant(s) agree(s) to the release above and certifies (certify) as follows:

     1.     that I (we) have read and understand the contents of the Notice and this Claim Form, including the releases provided for in the Settlement and the terms of the Plan of Allocation;

     2.     that the claimant(s) is a (are) Settlement Class Member(s), as defined in the Notice, and is (are) not excluded by definition from the Settlement Class as set forth in the Notice;

     3.     that the claimant has **not** submitted a request for exclusion from the Settlement Class;

     4.     that I (we) own(ed) the EOS Tokens and/or ERC-20 Tokens identified in the Claim Form and have not assigned the claim against any of the Defendants or any of the other Released Defendant Parties to another, or that, in signing and submitting this Claim Form, I (we) have the authority to act on behalf of the owner(s) thereof;

     5.     that the claimant(s) has (have) not submitted any other claim covering the same purchases of EOS Tokens and/or ERC-20 Tokens and knows (know) of no other person having done so on the claimant's (claimants') behalf;

     6.     that the claimant(s) submit(s) to the jurisdiction of the Court with respect to claimant's (claimants') claim and for purposes of enforcing the releases set forth herein;

7.      that I (we) agree to furnish such additional information with respect to this Claim Form as Class Counsel, the Claims Administrator or the Court may require;

8.      that the claimant(s) waive(s) the right to trial by jury, to the extent it exists, and agree(s) to the Court's summary disposition of the determination of the validity or amount of the claim made by this Claim Form;

9.      that I (we) acknowledge that the claimant(s) will be bound by and subject to the terms of any judgment(s) that may be entered in the Action; and

10.     that the claimant(s) is (are) NOT subject to backup withholding under the provisions of Section 3406(a)(1)(C) of the Internal Revenue Code because (a) the claimant(s) is (are) exempt from backup withholding or (b) the claimant(s) has (have) not been notified by the IRS that he/she/it is subject to backup withholding as a result of a failure to report all interest or dividends or (c) the IRS has notified the claimant(s) that he/she/it is no longer subject to backup withholding. **If the IRS has notified the claimant(s) that he/she/it is subject to backup withholding, please strike out the language in the preceding sentence indicating that the claim is not subject to backup withholding in the certification above.**

UNDER THE PENALTIES OF PERJURY UNDER THE LAWS OF THE UNITED STATES OF AMERICA, I (WE) CERTIFY THAT ALL OF THE INFORMATION PROVIDED BY ME (US) ON THIS CLAIM FORM IS TRUE, CORRECT, AND COMPLETE, AND THAT THE DOCUMENTS SUBMITTED HEREWITH ARE TRUE AND CORRECT COPIES OF WHAT THEY PURPORT TO BE.

Signature of Claimant _____   Date [  ] - [  ] - [  ]

Print Claimant Name Here _____

Signature of Joint Claimant (if any) _____   Date [  ] - [  ] - [  ]

Print Name of Joint Claimant _____

*If the claimant is other than an individual, or is not the person completing this form, the following must also be provided:*

Signature of person signing on behalf of Claimant _____   Date [  ] - [  ] - [  ]

Print name of person signing on behalf of Claimant _____

Capacity of person signing on behalf of claimant, if other than an individual, *e.g.*, executor, president, trustee, custodian, etc. (Must provide evidence of authority to act on behalf of claimant.)

_____

A Claim Form received by the Claims Administrator shall be deemed to have been submitted when posted, if a postmark date on or before _____, 2021, is indicated on the envelope and it is mailed First Class, and addressed in accordance with the above instructions. In all other cases, a Claim Form shall be deemed to have been submitted when actually received by the Claims Administrator.

You should be aware that it will take a significant amount of time to fully process all of the Claim Forms. Please be patient and notify the Claims Administrator of any change of address.

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHASE WILLIAMS AND WILLIAM ZHANG, individually and on behalf of all others similarly situated, | |
| Plaintiffs, | Civ. No. 1:20-cv-2809-LAK |
| v. | <u>CLASS ACTION</u> |
| BLOCK.ONE, BRENDAN BLUMER, and DANIEL LARIMER, | |
| Defendants. | |
| CRYPTO ASSETS OPPORTUNITY FUND LLC and JOHNNY HONG, Individually and on Behalf of All Others Similarly Situated, | |
| Plaintiffs, | Civ. No.: 1:20-cv-3829-LAK |
| v. | <u>CLASS ACTION</u> |
| BLOCK.ONE, BRENDAN BLUMER, DANIEL LARIMER, IAN GRIGG, and BROCK PIERCE, | |
| Defendants. | |

## <u>SUMMARY NOTICE</u>

EXHIBIT A-3

TO:    **ALL PERSONS WHO PURCHASED OR OTHERWISE ACQUIRED ERC-20 TOKENS[1] OR EOS TOKENS BETWEEN JUNE 26, 2017 AND MAY 18, 2020, INCLUSIVE, AND WERE DAMAGED THEREBY:**

YOU ARE HEREBY NOTIFIED that, pursuant to an Order of the United States District Court for the Southern District of New York, a hearing will be held on _____, 2021, at ___:___ ___.m., before the Honorable Lewis A. Kaplan, United States District Judge, at the United States Courthouse, 500 Pearl Street, New York, NY, 10007, to determine: (1) whether a proposed Settlement of the Action for the sum of Twenty Seven Million Five Hundred Thousand ($27,500,000.00) in cash should be approved by the Court as fair, reasonable, and adequate, which would result in this Action being dismissed with prejudice and will prevent Settlement Class Members from ever being part of any other lawsuit against the Defendants (and parties related to them) about the legal claims being resolved by this Settlement, as set forth in the Stipulation of Settlement dated June 11, 2021; (2) whether, for purposes of the proposed Settlement only, the Action should be certified as a class action on behalf of the Settlement Class, Plaintiff should be certified as Class Representative for the Settlement Class, and Lead Counsel should be appointed as Class Counsel for the Settlement Class; (3) whether the Plan of Allocation of settlement proceeds is fair, reasonable, and adequate and therefore should be approved; and (4) whether Plaintiffs' Counsel should be awarded attorneys' fees and expenses incurred in connection with this Action, together with interest thereon, and whether the Lead Plaintiff should receive an award of its costs and expenses in representing the Settlement Class. As of the date of this Notice, the Court has expressed no view, preliminary or otherwise, as to the fairness, reasonableness or

---

[1] ERC-20 Tokens are defined here as the tokens that Block.one sold in a token sale that took place from June 26, 2017 to June 1, 2018.

adequacy of the Settlement. Those matters will be addressed by the Court at the Settlement Hearing to be held on _____.

If you purchased or otherwise acquired ERC-20 Tokens and/or EOS Tokens during the Class Period (June 26, 2017 to May 18, 2020), including in or traceable to Block.one's sale of ERC-20 Tokens that took place from June 26, 2017 to June 1, 2018, your rights may be affected by this Action and the Settlement thereof. If you have not received a detailed Notice of Pendency and Proposed Settlement of Class Action ("Notice") and a copy of the Proof of Claim and Release form ("Proof of Claim"), you may obtain copies either by downloading this information at www.blockone-settlement.com or by writing to *Block.one Settlement*, c/o Epiq, P.O. Box 4808, Portland, OR, 97208-4808. If you are a Settlement Class Member, in order to share in the distribution of the Net Settlement Fund, you must submit a Proof of Claim form by mail (postmarked no later than _____, 2021), or online at www.blockone-settlement.com (submitted no later than _____, 2021), establishing that you are entitled to a recovery. You will be bound by any judgment rendered in the Action unless you request to be excluded, in writing, such that it is postmarked no later than _____, 2021, in the manner and form explained in the detailed Notice referred to above.

If you are a Settlement Class Member and wish to exclude yourself from the Settlement Class, you must submit a request for exclusion such that it is postmarked no later than _____, 2021, in accordance with the instructions set forth in the Notice. If you ask to be excluded, you will not get any payment from the Settlement, and you cannot object to the Settlement. You will not be legally bound by anything that happens in the lawsuit, and you may be able to sue the Defendants and Related Parties about the Settlement Class's Released Claims in the future. If you want to bring your own lawsuit based on the matters alleged in this Action, you

may want to consult an attorney and discuss whether any individual claim that you may wish to pursue would be time-barred. Any objection to any aspect of the Settlement, the Plan of Allocation, and/or Lead Counsel's fee and expense application must be filed with the Clerk of the Court and delivered to Lead Counsel and Defendants' Counsel, such that they are received no later than _____, 2021, in accordance with the instructions set forth in the Notice.

Requests for the Notice and Proof of Claim form should be made to the Claims Administrator:

> *Block.one Settlement*
> c/o Epiq
> P.O. Box 4808
> Portland, OR 97208-4808
> (855) 535-1874
> info@blockone-settlement.com
> www.blockone-settlement.com

Inquiries, other than requests for the Notice and Proof of Claim form, may be made to Lead Counsel:

**GRANT & EISENHOFER P.A.**

Daniel L. Berger
485 Lexington Avenue
New York, New York 10017
Tel.: (646) 722-8500
Fax: (646) 722-8501
Email: dberger@gelaw.com

**PLEASE DO NOT CONTACT THE COURT OR THE CLERK'S OFFICE REGARDING THIS NOTICE.**

DATED: _____          BY ORDER OF THE COURT
                                       UNITED STATES DISTRICT COURT
                                       SOUTHERN DISTRICT OF NEW YORK