IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHASE WILLIAMS AND WILLIAM ZHANG, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>BLOCK.ONE, BRENDAN BLUMER, and DANIEL LARIMER,<br><br>Defendants. | Civ. No. 1:20-cv-2809-LAK<br><br>CLASS ACTION<br><br>USDS SDNY<br>DOCUMENT<br>ELECTRONICALLY FILED<br>DOC #: _____<br>DATE FILED: 5-18-2023 |
| CRYPTO ASSETS OPPORTUNITY FUND LLC and JOHNNY HONG, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>BLOCK.ONE, BRENDAN BLUMER, DANIEL LARIMER, IAN GRIGG, and BROCK PIERCE,<br><br>Defendants. | Civ. No.: 1:20-cv-3829-LAK<br><br>CLASS ACTION |

[PROPOSED] ORDER PROVIDING FOR NOTICE AND CERTIFYING CLASS

EXHIBIT A

WHEREAS, two actions are pending before this Court styled *Chase Williams and William Zhang v. Block.one, et al.*, Civil Action No. 1:20-cv-2809-LAK and *Crypto Assets Opportunity Fund and Johnny Hong v. Block.one, et al.*, Civil Action No. 1:20-cv-3829-LAK (the "Consolidated Actions");

WHEREAS, on February 22, 2023, the Court held a status conference regarding settlement of the Consolidated Actions;

WHEREAS, in light of the February 22, 2023 status conference, the Settling Parties have agreed to modify the class definition and entered into an Amended Stipulation of Settlement dated February 27, 2023;

WHEREAS, on February 27, 2023, Lead Counsel for Plaintiff filed an Amended Motion for Approval of Notice and Certifying Class (ECF Nos. 174-175, the "Amended Notice Motion);

WHEREAS, on March 20, 2023, the Court issued an order (ECF No. 178, the "Order") denying the Amended Notice Motion without prejudice to renewal;

WHEREAS, in light of the Order, the Settling Parties have agreed to modify the class definition and enter into this Amended Stipulation of Settlement dated March 28, 2023 (the "Settlement Agreement");

WHEREAS, the Settling Parties have applied, pursuant to Federal Rule of Civil Procedure 23(e), for an order providing notice to the Class, in accordance with an Amended Stipulation of Settlement dated March 28, 2023, which, together with the Exhibits annexed thereto, sets forth the terms and conditions for a proposed Settlement of the Action between the Settling Parties and for dismissal of the Action against the Defendants and any of the Released Parties with prejudice upon the terms and conditions set forth therein; and the Court having read and considered the Settlement Agreement and the Exhibits annexed thereto; and

1

WHEREAS, unless otherwise defined, all defined terms used herein have the same meanings as set forth in the Settlement Agreement

NOW, THEREFORE, IT IS HEREBY ORDERED:

1. The Court finds that the Settlement has resulted from arms-length bargaining between the parties and as such may be submitted to the Class for consideration pursuant to Rule 23(e)(1)(B)(i) of the Federal Rules of Civil Procedure.

2. A hearing (the "Settlement Hearing") shall be held before this Court on September 19, 2023 at 2:00 p.m. ), at the United States District Court for the Southern District of New York, 500 Pearl Street, New York, NY 10007, Room 21B, to determine whether the proposed Settlement of the Action on the terms and conditions provided for in the Settlement Agreement is fair, reasonable, and adequate to the Class and should be approved by the Court; to determine whether, for purposes of the proposed Settlement only, the Action should be certified as a class action on behalf of the Class, Lead Plaintiff should be certified as Class Representative for the Class, and Lead Counsel should be appointed as Class Counsel for the Class; to determine whether a Judgment as provided in ¶ 1.21 of the Settlement Agreement should be entered; to determine whether the proposed Plan of Allocation should be approved; to determine any amount of attorneys' fees and expenses that should be awarded to Lead Counsel for their service to the Class; to hear any objections by Class Members to the Settlement Agreement or Plan of Allocation or any award of attorneys' fees and expenses to Lead Counsel and any award to the Lead Plaintiff pursuant to 15 U.S.C. §77z-1(a)(4) and/or 15 U.S.C. §78u-4(a)(4); and to consider such other matters as the Court may deem appropriate.

3. The Court may adjourn the Settlement Hearing or decide to hold the Settlement Hearing telephonically without further notice to the Class, provided that the time or the date of the

Settlement Hearing shall not be set at a time or date earlier than the time and date set forth in ¶ 2 above. The Court may approve the proposed Settlement with such modifications as the Settling Parties may agree to, if appropriate, without further notice to the Class.

4. Pursuant to the Settlement Agreement, the Settling Parties have proposed certification of the following Class pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure: all persons or entities who, at any time during the period of June 26, 2017 through May 18, 2020, inclusive, acquired ERC-20 Tokens or EOS Tokens in a Domestic Transaction and were damaged thereby, including purchases (including over-the-counter and peer-to-peer purchases) (1) of ERC-20 Tokens or EOS Tokens on any of the following exchanges: (i) Coinbase (including Tagomi, Routefire, and Paradex); (ii) Coinbase Pro (including GDAX); (iii) Kraken; (iv) Poloniex; (v) Bittrex; (vi) Binance US; (vii) Genesis; (viii) Cumberland; (ix) FTX.US; (x) Gemini; (xi) Radar Relay; or (xii) CoinFlip; or (2) of ERC-20 Tokens or EOS Tokens where both the purchaser and seller were located in the United States at the time of the purchase; or (3) of ERC-20 Tokens made directly from Block.one during its token sale that took place from June 26, 2017 to June 1, 2018; or (4) of EOS Tokens that were verified by EOS block producers located within the United States based on publicly available information at https://eosauthority.com/producers_rank or other comparable websites.

5. Excluded from the Class are: (i) Defendants; (ii) the present or former executive officers or members of the Board of Directors of Block.one; (iii) the immediate family members (as defined in 17 C.F.R. §229.404 (Instructions (1)(a)(iii) and (1)(b)(ii)), substituting "Block.one" for "the registrant") of any excluded person; (iv) any entity in which any Defendant has, or had during the Class Period, a controlling interest; and (v) any affiliate of Block.one. Also excluded

from the Class are any persons and entities who exclude themselves by submitting a request for exclusion that is accepted by the Court.

6. The Court finds, pursuant to Rule 23(e)(1)(B)(ii) of the Federal Rules of Civil Procedure, that it will likely be able to certify the Class for purposes of the proposed Settlement. Specifically, the Court finds that each element required for certification of the Class pursuant to Rule 23 of the Federal Rules of Civil Procedure has been met or will likely be met: (a) the members of the Class are so numerous that their joinder in the Action would be impracticable; (b) there are questions of law and fact common to the Class that predominate over any individual questions; (c) the claims of Lead Plaintiff in the Action are typical of the claims of the Class; (d) Lead Plaintiff and Lead Counsel have and will fairly and adequately represent and protect the interests of the Class; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the Action.

7. The Court also finds, pursuant to Rule 23(e)(1)(B)(ii) of the Federal Rules of Civil Procedure, that it will likely be able to certify Lead Plaintiff as Class Representative for the Class and appoint Lead Counsel as Class Counsel for the Class, pursuant to Rule 23(g) of the Federal Rules of Civil Procedure.

8. The Court approves the form, substance, and requirements of the Notice of Pendency and Proposed Settlement of Class Action ("Notice) and Proof of Claim and Release, substantially in the forms annexed hereto as Exhibits A-1 and A-2, respectively.

9. The Court approves the Summary Notice, substantially in the form annexed hereto as Exhibit A-3.

10. The Court appoints the firm Epiq Global ("Claims Administrator") to supervise and administer the notice procedure as well as the processing of claims as more fully set forth below.

a. Not later than _____June 1_____, 2023 (the "Notice Date") (a date fourteen (14) calendar days after the Court signs and enters this Order), the Claims Administrator shall commence mailing of the Notice and Proof of Claim and Release, substantially in the forms annexed as Exhibits 1 and 2 hereto, by electronic mail or First-Class Mail to all Class Members who can be identified with reasonable effort and shall also cause the Notice and Proof of Claim and Release to be posted on the Settlement website at www.blockone-settlement.com;

b. Not later than _____June 12_____, 2023 (a date ~~ten (10)~~ eleven (11) calendar days after the Notice Date), the Claims Administrator shall cause the Summary Notice to be published using selective targeting on the following platforms for a duration of 31 days: (i) Google Display Network; (ii) Blockonomi (https://blockonomi.com); (iii) Facebook; (iv) Reddit; (v) Twitter; (vi) Telegram; further that the Claims Administrator shall use selective site and app targeting via display networks to cause the Summary Notice to be published on the following websites: (i) coindesk.com; (ii) stocktwits.com; (iii) theblockcrypto.com; (iv) cointelegraph.com; (v) beermoney.com; (vi) todayonchain.com; (vii) newsbtc.com; (viii) investinblockchain.com; and (ix) coinspeaker.com.

c. Not later than _____June 12_____, 2023 (a date ~~ten (10)~~ eleven (11) calendar days after the Notice Date), the Claims Administrator shall cause the Summary Notice to be made available to the exchanges listed in the Class definition and disseminated

to all domestic purchasers of ERC-20 Tokens and EOS Tokens on each exchange.

d. Not later than _____September 12__, 2023 (a date seven (7) calendar days prior to the Settlement Hearing), Lead Counsel shall serve on Defendants' counsel and file with the Court proof, by affidavit or declaration, of such mailing and posting.

11. All fees, costs, and expenses incurred in identifying and notifying members of the Class shall be paid from the Settlement Fund and in no event shall any of the Released Parties bear any responsibility for such fees, costs, or expenses.

12. All members of the Class (except Persons who request exclusion pursuant to ¶ 15 below) shall be bound by all determinations and judgments in the Action concerning the Settlement, including, but not limited to, the releases provided for therein, whether favorable or unfavorable to the Class, regardless of whether such Persons seek or obtain by any means, including, without limitation, by submitting a Proof of Claim and Release form or any similar document, any distribution from the Settlement Fund or the Net Settlement Fund.

13. Class Members who wish to participate in the Settlement shall complete and submit the Proof of Claim and Release form in accordance with the instructions contained therein. Each Proof of Claim and Release submitted must be signed under penalty of perjury and supported by such documents as are specified in the Proof of Claim and Release. Unless the Court orders otherwise, all Proofs of Claim and Release must be postmarked or submitted electronically no later than _____August 30_____, 2023 (a date ninety (90) calendar days from the Notice Date). Any Class Member who does not submit a Proof of Claim and Release within the time provided shall be barred from sharing in the distribution of the proceeds of the Net Settlement Fund, unless

otherwise ordered by the Court, but shall nevertheless be bound by any final judgment entered by the Court. Notwithstanding the foregoing, Lead Counsel shall have the discretion (but not the obligation) to accept late-submitted Claims for processing by the Claims Administrator so long as distribution of the Net Settlement Fund is not materially delayed thereby, but will incur no liability for exercising or refusing to exercise such discretion.

14.     Any member of the Class may enter an appearance in the Action, at his, her, or its own expense, individually or through counsel of the Class Member's own choice. If a Class Member does not enter an appearance, he, she, or it will be represented by Lead Counsel.

15.     Any Person falling within the definition of the Class may, upon request, be excluded or "opt out" from the Class. Any such Person must submit to the Claims Administrator a request for exclusion ("Request for Exclusion"), postmarked no later than _____August 29_____, 2023 (a date twenty-one (21) calendar days before the Settlement Hearing). A Request for Exclusion must be signed and state (a) the name, address, and telephone number of the Person requesting exclusion; (b) the Person's purchases, acquisitions and sales of EOS Tokens and/or ERC-20 Tokens between the dates of June 26, 2017 and May 18, 2020, inclusive, including the dates and the amount of EOS Tokens and/or ERC-20 Tokens purchased, acquired, or sold, and price paid or received for each such purchase, acquisition, or sale; and (c) that the Person wishes to be excluded from the Class in *Chase Williams and William Zhang v. Block.one, et al.*, Civil Action No. 1:20-cv-2809-LAK and *Crypto Assets Opportunity Fund and Johnny Hong v. Block.one, et al.*, Civil Action No. 1:20-cv-3829-LAK. All Persons who submit valid and timely Requests for Exclusion in the manner set forth in this paragraph shall have no rights under the Settlement Agreement, shall not share in the distribution of the Net Settlement Fund, and shall not be bound by the Settlement Agreement or any Final Judgment. Any member of the Class who or

that does not timely and validly request exclusion from the Class in accordance with the provisions of this Notice Order and the Notice given pursuant hereto (a) shall be deemed to have waived his, her or its right to be excluded from the Class; (b) shall be forever barred from requesting exclusion from the Class in this or any other proceeding; (c) shall be bound by the provisions of the Settlement Agreement, the Settlement, and all proceedings, determinations, orders, and judgments in the Action relating to the Settlement, including, but not limited to, the Judgment, and the Releases provided for therein whether favorable or unfavorable to the Class; and (d) shall be barred and enjoined from asserting, instituting, commencing, prosecuting, assisting, or maintaining any of the Class's Released Claims against the Released Defendant Parties.

16. Lead Counsel shall cause to be provided to Defendants' counsel copies of all Requests for Exclusion, and any written revocation of Requests for Exclusion, within the later of two (2) business days of Lead Counsel's receipt or seven (7) calendar days prior to the Settlement Hearing.

17. Any Class Member who or which does not timely and validly request exclusion from the Class in the manner stated in this Order: (a) shall be deemed to have waived his, her or its right to be excluded from the Class; (b) shall be forever barred from requesting exclusion from the Class in this or any other proceeding; (c) shall be bound by the provisions of the Settlement Agreement and Settlement and all proceedings, determinations, orders and judgments in the Action, including, but not limited to, any judgment and the Releases provided for therein, whether favorable or unfavorable to the Class; and (d) will be barred from commencing, instituting, prosecuting or continuing to prosecute any of the Released Claims (including Unknown Claims) against any of the Released Defendants, their Related Parties, and their respective counsel as more fully described in the Settlement Agreement and Notice.

8

18.     Any member of the Class may appear and object if he, she, or it believes there is any reason why the proposed Settlement of the Action should not be approved as fair, reasonable and adequate; why a judgment should not be entered thereon; why the Plan of Allocation should not be approved; why attorneys' fees and expenses should not be awarded to Lead Counsel for its service to the Class or why costs and expenses should not be awarded to Lead Plaintiff. No Class Member or any other Person shall be heard or entitled to contest the approval of the terms and conditions of the proposed Settlement, or, if approved, the Judgment to be entered thereon approving the same, or the order approving the Plan of Allocation, or any attorneys' fees and expenses to be awarded to Lead Counsel, unless written objections and copies of any papers and briefs are received by Daniel L. Berger, Grant & Eisenhofer P.A., 485 Lexington Avenue, 29th Floor, New York, NY 10017 and Neal Potischman, Davis Polk & Wardwell LLP, 1600 El Camino Real, Menlo Park, CA 94025, on or before ___August 29___, 2023 (a date twenty-one (21) calendar days before the Settlement Hearing); and said objections, papers, and briefs are filed with the Clerk of the United States District Court for the Southern District of New York, on or before ___August 29___, 2023 (a date twenty-one (21) calendar days before the Settlement Hearing). The objection must: (a) state the name, address, and telephone number of the person or entity objecting and must be signed by the objector; (b) state whether the objector is represented by counsel and, if so, the name, address, and telephone number of the objector's counsel; (c) contain a statement of the Class Member's objection or objections, and the specific reasons for each objection, including any legal and evidentiary support the Class Member wishes to bring to the Court's attention; and (d) include documents sufficient to prove membership in the Class, consisting of documents showing the number of EOS Tokens and/or ERC-20 Tokens that the objector purchased/acquired and/or sold during the Class Period (*i.e.*, between June 26, 2017 and

May 18, 2020, inclusive), as well as the dates, number of tokens and prices for each such purchase/acquisition and sale; and (e) identify cases in which the objector or its counsel has filed an objection to a settlement in the past five years. Documentation establishing membership in the Class must consist of copies of confirmation slips or monthly account statements, or an authorized statement from the cryptocurrency exchange on which the objector transacted containing the transactional and holding information found in a confirmation slip or account statement. Objectors who enter an appearance and desire to present evidence at the Settlement Hearing in support of their objection must include in their written objection or notice of appearance the identity of any witnesses they may call to testify and any exhibits they intend to introduce into evidence at the hearing.

19. The objection must state whether it applies only to the objector, to a specific subset of the Class, or to the entire Class, and also state with specificity the grounds for the objection. Any member of the Class who does not make his, her, or its objection in the manner provided shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness, reasonableness, or adequacy of the proposed Settlement as incorporated in the Settlement Agreement, to the Plan of Allocation, and to the award of attorneys' fees and expenses to Lead Counsel and to any award of costs and expenses to Lead Plaintiff, unless otherwise ordered by the Court.

20. All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the Settlement Agreement and/or further order(s) of the Court or, in the event that the Settlement is not approved or is terminated, canceled, or fails to become effective, pursuant to ¶ 7.4 of the Settlement Agreement.

21. All papers in support of the Settlement, Plan of Allocation, and any application by Lead Counsel for attorneys' fees and expenses and for costs and expenses for Lead Plaintiff, shall be filed and served no later than _____July 25_____, 2023 (a date ~~thirty (30)~~ thirty-five (35) calendar days prior to the ~~Settlement Hearing~~ deadline for class members to object), and any reply papers in support of final approval and in response to any written objections shall be filed and served no later than _____September 12_____, 2023 (a date ~~five (5)~~ seven (7) calendar days before the Settlement Hearing).

22. The Released Defendant Parties shall have no responsibility or liability with respect to the Plan of Allocation or any application for attorneys' fees or expenses submitted by Lead Counsel, and such matters will be considered separately from the fairness, reasonableness, and adequacy of the Settlement.

23. At or after the Settlement Hearing, the Court shall determine whether the Plan of Allocation proposed by Lead Counsel, and any application for attorneys' fees and expenses and for the costs and expenses of Lead Plaintiff, should be approved.

24. All Notice and Administration costs shall be paid, as set forth in the Settlement Agreement. In the event the Court does not approve the Settlement, or it otherwise fails to become effective, neither Lead Plaintiff nor any of their counsel shall have any obligation to repay any amounts actually and properly incurred or disbursed, pursuant to ¶ 2.11 of the Settlement Agreement.

25. The Escrow Agent is authorized and directed to prepare any tax returns and any other tax reporting form for or in respect to the Settlement Fund, and to otherwise perform all obligations with respect to Taxes and any reporting or filings or payment in respect thereof without further order of the Court in a manner consistent with the provisions of the Settlement Agreement.

26. Neither the Settlement Agreement, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be construed as an admission or concession

by any of the Released Parties of the truth of any of the allegations in the Action, that any member of any class has engaged in a domestic transaction for the purposes of *Morrison v. National Australia Bank Ltd.*, 561 U.S. 247 (2010), or of any liability, fault, or wrongdoing of any kind.

27.     All proceedings in the Action are stayed until further order of this Court, except as may be necessary to implement the Settlement or comply with the terms of the Settlement Agreement. Pending final determination of whether the Settlement should be approved, neither the Lead Plaintiff nor any Class Member, either directly, representatively, or in any other capacity shall commence or prosecute against any of the Released Defendant Parties any action or proceeding in any court or tribunal asserting any of the Released Claims.

28.     In the event that the Settlement is not approved by the Court or the Settlement Agreement is terminated or fails to become effective in accordance with its terms, the Settling Parties shall be restored to their respective positions in the Action as of May 13, 2021. In such event, the terms and provisions of the Settlement Agreement, shall be null and void, have no further force and effect, and shall not be used in the Action or in any other proceeding for any purpose, and any judgment or order entered by the Court in accordance with the terms of the Settlement Agreement shall be treated as vacated, *nunc pro tunc*, and shall not be used in the Action or in any other proceeding for any purpose.

29.     The Settling Parties intend the Settlement Agreement to be a final and complete resolution of all disputes between them with respect to the Action. The Settlement shall not be deemed an admission by any Settling Party or any of the Released Parties as to the merits of any claim or defense. The Settling Parties and their counsel agree that they shall not assert any claims of any violation of Rule 11 of the Federal Rules of Civil Procedure relating to the prosecution, defense or settlement of the Action, and the Final Judgment shall contain a finding that all Settling

Parties and their counsel complied with the requirements of Rule 11 with respect to the institution, prosecution, defense, and resolution of the Action. The Settling Parties agree that the amount paid to the Settlement Fund and the other terms of the Settlement were negotiated in good faith at arm's length by the Settling Parties and reflect a settlement that was reached voluntarily after consultation with competent legal counsel. The Settling Parties further agree that the amount paid to the Settlement Fund were negotiated and agreed without discussion of Lead Counsel's attorney's fees and expenses.

30. Neither this Order nor the Settlement Agreement (whether or not consummated), including the exhibits thereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), the negotiations leading to the agreement in principle to settle this Action and the execution of the Settlement Agreement, nor any proceedings taken pursuant to or in connection with the Settlement Agreement and/or approval of the Settlement (including any arguments proffered in connection therewith):  (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, the truth of any of the allegations in the Action of any wrongdoing, fault, or liability of Defendants or their Related Parties, or that U.S. federal securities laws apply to any transactions or that the types of transactions identified in the definitions for "Class" and/or "Domestic Transaction" constitute domestic transactions for the purposes of *Morrison v. National Australia Bank Ltd.*, 561 U.S. 247 (2010), or that Lead Plaintiff or any Class Members have suffered damages, harm or loss; or (b) is or may be deemed to be or may be used as an admission of, or evidence of, the appropriateness of treating the Action as a class action for any other purpose than the settlement; or (c) is or may be deemed to be or may be used as an admission, or evidence of, any fault or omission of any of the Defendants or their Related Parties in any civil, criminal, or administrative proceeding in any court,

administrative agency, or other tribunal anywhere in the world; or (d) shall be construed against any of the Released Defendant Parties as an admission, concession, or presumption that the consideration to be given under the Settlement represents that amount which could be or would have been recovered after trial; *provided, however,* that the Settling Parties and the Released Parties and their respective counsel may refer to the Settlement Agreement to effectuate the protections from liability granted thereunder or otherwise to enforce the terms of the Settlement Agreement.

31.     The Court retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement.

IT IS SO ORDERED.

DATED: 5/18/23

_____
THE HONORABLE LEWIS A. KAPLAN
UNITED STATES DISTRICT JUDGE