UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
CHASE WILLIAMS, et al.,

                             Plaintiffs,

          -against-                                           20-cv-2809 (LAK)

BLOCK.ONE, et al.,

                             Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
CRYPTO ASSETS OPPORTUNITY FUND LLC, et al.,

                             Plaintiffs,

          -against-                                           20-cv-3829 (LAK)

BLOCK.ONE, et al.,

                             Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## MEMORANDUM OPINION

LEWIS A. KAPLAN, *District Judge.*

        Before the Court is a motion for reconsideration of the Court's Order Approving Distribution of the Net Settlement Fund ("Distribution Order"),[1] filed by class member Joseph Keith Johnson.[2] Mr. Johnson requests that the Court "reconsider the allocation of unclaimed settlement

---

[1] Dkt 241.

[2] Dkt 243.

2

funds and allow claimants the opportunity to receive additional compensation before resorting to cy pres."[3]

### *Discussion*

As an initial matter, Mr. Johnson is not a party to, and has not moved to intervene in, this lawsuit. In order to file a motion for reconsideration in a class action, an absent class member first must obtain leave to intervene under Rule 24.[4] "In order to intervene as a matter of right under Fed. R. Civ. P. 24(a)(2), an applicant must (1) timely file an application, (2) show an interest in the action, (3) demonstrate that the interest may be impaired by the disposition of the action, and (4) show that the interest is not protected adequately by the parties to the action."[5] Mr. Johnson has not filed any application, let alone a timely one. Nor has he shown that his interests are not protected adequately by the class representative, who fairly and adequately protected the interests of the class.[6] Mr. Johnson therefore may not intervene by right. Permissive intervention under Rule 24(b) likewise would be inappropriate here given Mr. Johnson's failure to file a motion to intervene, the stage of the litigation, and the lack of merit to the position he seeks to advance as set forth below.[7]

---

[3] *Id.* at 1.

[4] *See In re Bear Stearns Companies, Inc. Sec., Derivative, & ERISA Litig.*, 297 F.R.D. 90, 96–98 (S.D.N.Y. 2013); *see also* 3 William Rubenstein, Newberg and Rubenstein on Class Actions § 12:32 (6th ed. Nov. 2024 Update) ("[T]he practice of intervention in the class context is governed by the standard intervention norms of Rule 24.").

[5] *New York News, Inc. v. Kheel*, 972 F.2d 482, 485 (2d Cir.1992).

[6] Dkt 242 at 2.

[7] 3 William Rubenstein, Newberg and Rubenstein on Class Actions § 12:32 (6th ed. Nov. 2024 Update) ("[T]he core of the permissive intervention analysis requires an inquiry into

3

Accordingly, the Court denies the motion for the reconsideration on the basis that it is not properly raised by a party to this action.

Even if the motion were properly raised, the Court would deny it on the merits.

The Distribution Order authorized the Claims Administrator to distribute the net settlement fund to authorized claimants based on their recognized losses plus interest pursuant to 28 U.S.C. § 1961.[8] After the completion of the initial distribution, the Distribution Order authorized any amount remaining in the net settlement fund to be donated equally among five non-profit charitable organizations, which the Court determined to be appropriate and relevant 501(c)(3) charities deserving of those funds pursuant to the *cy pres* doctrine.[9] Mr. Johnson challenges both the interest calculation and the *cy pres* distribution.

Mr. Johnson contends that the Court should have applied New York's statutory nine percent prejudgment interest rate instead of the rate fixed by 28 U.S.C. § 1961. Mr. Johnson argues that the New York statutory rate was appropriate because the claims at issue were "tied to New York securities law" and "would typically fall under New York financial regulations."[10] As set forth in the Court's order dated November 13, 2024, "plaintiffs filed this case in federal court, and they assert

---

whether the putative intervenor has an interest that she can present that will further the factual or legal development of the case without unduly derailing the proceedings."); *see also United States v. Pitney Bowes, Inc.*, 25 F.3d 66, 73 (2d Cir. 1994) (district courts have broad discretion to deny permissive intervention).

[8] Dkt 241 at 4.

[9] *Id.* at 4–5; *see* 4 William Rubenstein, Newberg and Rubenstein on Class Actions § 12:32 (6th ed. Nov. 2024 Update) (explaining applicability of *cy pres* doctrine to the distribution of funds in class actions).

[10] Dkt 243 at 2.

4

federal question (and supplemental) jurisdiction in their complaint."[11] The New York statutory rate is far higher than the rate the Court likely would have used had there been a judgment in this case.[12] Accordingly, the Court declines to reconsider its authorization of interest payments calculated based on the rate fixed by 28 U.S.C. § 1961.

Mr. Johnson asserts that a *cy pres* distribution should be used only when redistribution of excess funds is impractical.[13] To the contrary, the Second Circuit has affirmed a *cy pres* distribution of excess funds to charitable recipients even where distribution of those funds to class members was practical.[14] The case law cited by Mr. Johnson does not support his position. *In re Bank of America Corp.*[15] does not address *cy pres* or distribution of excess funds. *In re Baby Products Antitrust Litigation* held that "where all class members submitting claims have already been fully compensated for their damages by prior distribution . . . [a] *cy pres* distribution is considered appropriate in that circumstance because additional individual distributions would 'overcompensat[e] claimant class members at the expense of absent class members.'"[16] And *Marek*

---

[11] Dkt 217 at 6.

[12] *Id.*

[13] Dkt 243 at 1.

[14] *See Fears v. Wilhelmina Model Agency, Inc.*, 315 F. App'x 333, 336 (2d Cir. 2009).

[15] 772 F.3d 125 (2d Cir. 2014).

[16] 708 F.3d 163, 176 (3d Cir. 2013) (second alteration in original) (quoting *In re Lupron Mktg. & Sales Practices Litig.*, 677 F.3d 21, 35 (1st Cir.2012)).

5

*v. Lane*[17] was not a Supreme Court decision, but a statement of Chief Justice Roberts respecting the denial of certiorari. Moreover, the statement does not cast doubt on *cy pres* distributions where all class members have been fully compensated for their damages.[18]

Mr. Johnson asserts also that *cy pres* distribution is inappropriate because "[t]he purpose of class actions is to compensate the harmed, not to divert funds to third-party charities."[19] But distributing funds to claimants in excess of recognized loss amounts does not compensate the harmed — it provides a windfall.

Here, there are myriad absent class members who have not filed claims.[20] The Court therefore must determine how best to serve the interests of those class members. It is unclear how distributing excess funds to claimants would serve non-claimant class members's interests. "[A]n individual's presence as a class member in a class action hardly expands her property rights to include the property of the other class members."[21] Instead, the distribution of funds to charitable organizations serves the interests of non-claimant class members, albeit indirectly, by helping to prevent the injuries and counteract the conduct alleged in this lawsuit. Here, the five *cy pres* recipients do meritorious work — including financial education programming, advocacy, and

---

[17] 571 U.S. 1003 (2013).

[18] *Id.*

[19] Dkt 243 at 2.

[20] Dkt 217 at 7.

[21] 4 William Rubenstein, Newberg and Rubenstein on Class Actions § 12:30 (6th ed. Nov. 2024 Update); *see also* 28 U.S.C. § 2072 (rules of procedure "shall not abridge, enlarge or modify any substantive right").

provision of legal services — that serves the interests of non-claimant class members.[22] Mr. Johnson suggests that claimants should be "given the right to designate where their share of *cy pres* funds is allocated."[23] But the excess funds do not belong to claimants and claimants are not positioned to represent the interests of non-claimant class members. Moreover, such a system would be ripe for potential abuse.

Accordingly, the Court declines to reconsider its approval of the *cy pres* distribution of excess funds in the net settlement fund.

### *Conclusion*

For the foregoing reasons, Joseph Keith Johnson's motion for reconsideration (Dkt 243) is denied.

SO ORDERED.

Dated:   March 3, 2025

_____
Lewis A. Kaplan
United States District Judge

---

[22] Dkt 234 at 3–6.

[23] Dkt 243 at 2.